**STATE of Missouri, Respondent,**

**v.**

**Charles SELVY, Appellant.**

No. ED 78918.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 2002.

Emmett D. Queener, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Appellant Charles Selvy ("Defendant") appeals the judgment entered upon his conviction by a jury for the class C felony of possession of a controlled substance and for the class A misdemeanor of attempted tampering with physical evidence. We dismiss his appeal.

The facts most relevant to the dismissal of this appeal are as follows. Upon Defendant's conviction on February 5, 1999, the trial court set Defendant's final sentencing hearing for March 15, 1999, and allowed him to remain free on the existing bond. On March 15, Defendant failed to appear and a capias warrant was issued for his arrest. Defendant was not arrested until November 4, 2000, approximately nineteen months later. The court granted him time to employ new counsel and he was sentenced on December 4, 2000, to twelve years in the custody of the Department of Corrections on the possession charge and concurrent term of six months in the Cape Girardeau jail on the attempted tampering charge.

Missouri courts have consistently held that a defendant who escapes or flees the jurisdiction of its courts either during trial or in the process of post-trial proceedings forfeits his right to an appeal. *State v. Buff,* 34 S.W.3d 856, 857 (Mo.App.2000). Dismissal of an appeal under the escape rule is appropriate when the escape adversely affects the criminal justice system. *Id.; State v. Troupe,* 891 S.W.2d 808, 811 (Mo. banc 1995). The determination of whether there is an adverse affect is within the sound discretion of the appellate court. *Buff,* 34 S.W.3d at 857.

The supreme court in *Troupe* noted that "[a] reviewing court may invoke procedural rules in order to protect the orderly and efficient use of its resources." 891 S.W.2d at 811. Continuing in this vein, the court concluded the following:

In the present case, appellant was at large for more than eight months. His escape, therefore, hindered the administration of justice in his case by at least this amount of time. It strains credulity to postulate that such a delay does not have an adverse impact on the criminal justice system and the state's case. If appellant were successful on the merits of an appeal, the cause might be remanded for a new trial. In that event, the state could be prejudiced by lost or destroyed evidence and witnesses who are no longer available. Further, over time, witnesses' memories fade, subjecting them to impeachment and consequent diminished credibility.

*Id.* at 810–11. Here, Defendant was at large for approximately nineteen months. Clearly, under *Troupe*, his escape adversely affected the criminal justice system. *See Buff,* 34 S.W.3d at 857 (court invoked escape rule after a six-week delay and further noted that the trial court was compelled to issue a capias warrant); *State v. Bailey,* 848 S.W.2d 611, 612 (Mo.App.1993) (six-week delay); *State v. Jackson,* 928 S.W.2d 894, 895 (Mo.App.1996) (ten-week delay).

Defendant's appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., Concur.