**Alfred NICHOLS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 83286.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 20, 2004.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea K. Spillars, Dora A. Fichter, Asst. Attys. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Alfred Nichols, appeals from the motion court's judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We dismiss the appeal pursuant to the escape rule.

### Factual Background

The movant pleaded guilty on June 16, 2000 to one count of possession of a controlled substance with intent to deliver in violation of Section 195.211 RSMo. The court set sentencing for August 1, 2000. In order to screen the movant for a long-term treatment program, sentencing was twice continued and ultimately set for September 29, 2000.

On September 13, 2000, the State filed a motion to revoke the movant's bond, citing two arrests for driving while intoxicated while the movant was free on bond. The court set this motion for hearing on September 19, 2000. The movant failed to appear. The court issued a *capias* warrant for the movant and refused to set a bond amount. The movant again failed to appear on September 29, 2000 for sentencing on his guilty plea. The movant was arrested nearly two years later, on August 29, 2002. The movant acknowledges that he left the state during this interval. The movant was formally sentenced on September 27, 2002, receiving a ten-year sentence.

The movant filed an amended Rule 24.035 motion, claiming that his guilty plea was not voluntarily made because of alleged promises made by plea counsel that the movant would receive either probation or 120–day treatment. The motion court denied the movant's motion without an evidentiary hearing on the basis that the record refutes movant's claims. The movant now appeals.

## Discussion

■ We do not reach the movant's allegations of error regarding the motion court's denial of his motion for post-conviction relief because we dismiss the movant's appeal pursuant to the escape rule. The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc. 1995). The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. *Fogle v. State*, 99 S.W.3d 63, 65 (Mo.App. E.D.2003). The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule. *Vangunda v. State*, 922 S.W.2d 857, 858 (Mo.App. S.D.1996). The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable. *Fogle*, 99 S.W.3d at 65. A willful failure to appear for sentencing can properly invoke the escape rule. *Hinton v. State*, 987 S.W.2d 351, 351 (Mo.App. E.D.1998) (per curiam); *State v. Bailey*, 848 S.W.2d 611, 612 (Mo.App. E.D. 1993).

■ In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system. *Troupe*, 891 S.W.2d at 811; *Fogle*, 99 S.W.3d at 65; *State v. Selvy*, 72 S.W.3d 219, 220 (Mo.App. E.D.2002). If so, dismissing the appeal is appropriate. *Troupe*, 891 S.W.2d at 811; *Selvy*, 72 S.W.3d at 219. This determination is left to the sound discretion of the appellate court. *Troupe*, 891 S.W.2d at 811; *Fogle*, 99 S.W.3d at 65; *Selvy*, 72 S.W.3d at 219.

Here, the movant pleaded guilty on June 16, 2000. The movant failed to appear for a bond hearing, leading the court to issue a *capias* warrant. The movant then failed to appear on September 29, 2000 for sentencing on his guilty plea. The movant was then at large for two years and, by his own admission, left the state. The movant was ultimately arrested on the *capias* warrant in August 2002. The movant's flight delayed his sentencing for two years. Our Supreme Court has held that a delay of more than eight months necessarily has an adverse impact on the criminal justice system. *Troupe*, 891 S.W.2d at 811; *see also Fogle*, 99 S.W.3d at 65 (finding adverse impact on the criminal justice system where escape resulted in a seven-week delay and necessitated filing of a *capias* warrant, among other consequences); *Selvy*, 72 S.W.3d at 220 (finding that a nineteen-month delay adversely affected the criminal justice system); *Bailey*, 848 S.W.2d at 612 (applying the escape rule in the case of a six-week delay where a *capias* warrant issued). Finally, we note that the movant's allegation of error in this appeal involves the voluntariness of his plea and the effectiveness of his plea counsel's assistance. These alleged errors occurred prior to the movant's escape and subsequent arrest. We find that the movant's escape and two-year absence flouted the authority of the courts from which he now seeks post-conviction relief and had an adverse impact on the administration of criminal justice. The movant has forfeited his right to appeal.

The movant's appeal is dismissed pursuant to the escape rule.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.