Paul A. CRAWLEY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 84083.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 1, 2005.

S. Paige Canfield, St. Louis, MO, for appellant.

Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

Movant, Paul A. Crawley, appeals from the judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing after he pleaded guilty to the class B felony of robbery in the second degree, in violation of section 569.030 RSMo (2000). We dismiss his appeal pursuant to the escape rule.

Movant pleaded guilty to robbery in the second degree, in violation of section 569.030 RSMo (2000), arising out of the robbery of a Borders bookstore. The trial court sentenced movant to ten years imprisonment, but suspended execution of the sentence and placed him on three-years probation, with probation to be transferred to South Carolina. On September 28, 2000, movant admitted he had violated the conditions of his probation, and the trial court revoked his probation. It scheduled a sentencing hearing for January 4, 2001. Movant failed to appear for the sentencing hearing and the court issued a warrant for his arrest. In September 2002, movant was arrested in Georgia and extradited to Missouri. On March 19, 2001, the trial court received a letter from Dr. Sidney Steinberg advising that movant had been hospitalized from November 7, 2000 until January 26, 2001. On November 26, 2002, defendant appeared for sentencing and the trial court ordered execution of the previously imposed ten-year sentence.

Movant filed two *pro se* Rule 24.035 motions for post-conviction relief. Appointed counsel filed a statement in lieu of an amended motion. The motion court denied both *pro se* motions without an evidentiary hearing, finding that movant failed to allege facts, unrefuted by the record, that warranted relief. Movant appeals.

We do not reach the merits of movant's allegations of error on appeal because the escape rule requires that the appeal be dismissed. The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995); *State v. Bickell*, 941 S.W.2d 767, 768 (Mo.App.1997). It applies not only to direct appeals but also to appeals from the denial of motions for post-conviction relief. *Nichols v. State*, 131 S.W.3d 863, 865 (Mo. App.2004); *Fogle v. State*, 99 S.W.3d 63, 65 (Mo.App.2003).

Under the escape rule, we may dismiss post-conviction appeals whether or not the motion court reached the merits of the movant's claim. *Nichols*, 131 S.W.3d at 865; *Fogle*, 99 S.W.3d at 65. The escape rule is applicable to those errors occurring before and up to the escape. *Nichols*, 131 S.W.3d at 865; *Fogle*, 99 S.W.3d at 65. A willful failure to appear for sentencing invokes the escape rule. *State v. Crump*, 128 S.W.3d 642, 643 (Mo. App.2004); *Nichols*, 131 S.W.3d at 865. Dismissal is appropriate if the appellate court determines that the escape "adversely affect[ed] the criminal justice system." *Troupe*, 891 S.W.2d at 811. That determination is within the appellate court's sound discretion. *Id.*

In his reply brief, movant argues that we should not dismiss his appeal under the escape rule because he missed the sentencing hearing because of his health problems, and in the twenty months from the time of that hearing until his arrest, he did not harm anyone and justice was not adversely affected. We disagree. Movant did not seek a continuance of his sentencing based on his hospitalization. His failure to appear caused the court to issue a warrant for his arrest. After his release from the hospital, he did not voluntarily

surrender but remained at large for nineteen more months until he was arrested in Georgia and extradited. This caused a twenty-two month delay in his sentencing. These circumstances support a finding that movant's escape was willful and adversely affected the criminal justice system. *Troupe*, 891 S.W.2d at 810–12; *Nichols*, 131 S.W.3d at 865; *Fogle*, 99 S.W.3d at 65; *State v. Burk*, 49 S.W.3d 207, 212 (Mo.App. 2001).

■ Movant's claim of error on appeal involves the voluntariness of his plea. This necessarily involves error that occurred before his failure to appear for sentencing and arrest. Movant's failure to appear at sentencing waives his right to appeal this error. *See Nichols*, 131 S.W.3d at 865; *Fogle*, 99 S.W.3d at 65.

Movant's appeal is dismissed.