Kendrick WAGNER, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 85736.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 4, 2005.

Jessica Hathaway, St. Louis, MO, for appellant.

Deborah Daniels, Alison K. Brown—co-counsel, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Kendrick Wagner (Movant) appeals from the motion court's judgment dismissing with prejudice his motion for post-conviction relief pursuant to the escape rule. We dismiss the appeal pursuant to the escape rule.

*Factual and Procedural Background*

On October 9, 2003, Movant pled guilty to possession of a controlled substance (modafinil), a class C felony in violation of Section 195.202.[1] At the plea hearing, Movant requested that sentencing be continued until December 12, 2003. The State's sentencing recommendation was: "If [Movant] appears on time for sentencing on December 12th, the State would recommend that [Movant] be sentenced to six years in the Missouri Department of Corrections." Before accepting Movant's guilty plea, the plea court told Movant:

> As a contingency on your plea of guilty here today, in the event that you do not show up for sentencing for any reason on December 12th, 2003, at nine a.m., or if you pick up another criminal offense prior to the sentencing, do you understand that I will not follow any former plea agreement that you have entered into with the State of Missouri and that you will permit me to sentence you to the full range of punishment, up to seven years incarceration? Do you understand that?

Movant stated that he understood the court's conditions and that he accepted them as part of his plea agreement. After accepting Movant's plea of guilty, the court deferred sentencing until December 12, 2003, and reminded Movant not to "pick up any more cases and show up on December 12th. Okay?" Movant replied, "Yes."

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Movant did not appear for sentencing on December 12, 2003. A warrant for Movant's arrest was issued, and on January 14, 2004, the warrant was executed. On January 30, 2004, the sentencing court entered a judgment and sentenced Movant to seven years' imprisonment.

On March 31, 2004, Appellant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035.[2] The motion court appointed counsel and subsequently granted counsel additional time to file an amended motion. On October 6, 2004, counsel timely filed an amended motion. The amended motion challenged the constitutionality of Sections 195.202 and 195.017 and alleged ineffective assistance of counsel in not advising Movant of a viable defense and an insufficient factual basis to support a plea based on the constitutional challenge.

Subsequently, Movant filed a memorandum of law regarding application of the escape rule in which Movant explained that he "did not show up on December 12, due to his own negligence in failing to arrange for transportation that day." On December 9, 2004, the motion court entered a judgment dismissing with prejudice Movant's amended motion due to the escape rule in that Movant "failed to appear for sentencing on December 12, 2003 and was not taken into custody until January 13, 2004."[3] Movant appeals from the dismissal.

## Discussion

In his point on appeal, Movant argues that the motion court clearly erred and abused its discretion by invoking the escape rule to dismiss Movant's amended motion based on Movant's failure to ap-

pear for sentencing because (1) Sections 195.202 and 195.017 are unconstitutional; (2) the delay caused by Movant's failure to appear for sentencing was a "mere" forty-nine days and there was no evidence in the record of any relationship between the escape and prejudice to the criminal justice system; and (3) the issue of Movant's failure to appear was dealt with in the sentencing court through the imposition of an additional year of imprisonment.

The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. *Nichols v. State*, 131 S.W.3d 863, 865 (Mo.App. E.D.2004). The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. *Id.* The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule. *Id.* The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable. *Id.* In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system, and if so, then dismissing the appeal is appropriate. *Id.* Application of the escape rule is within our sound discretion. *Id.* A defendant's failure to appear for sentencing constitutes an "escape" under the rule. *State v. Crump*, 128 S.W.3d 642, 643 (Mo.App. E.D.2004).

We conclude that Movant's failure to appear at sentencing adversely affected the criminal justice system. His failure to appear required the sentencing court to issue a warrant for his arrest and required

---

2. All rule references are to Mo. R.Crim. P.2005, unless otherwise indicated.

3. Although not required in Missouri, it would be helpful for the trial court to make findings as to why it applied the escape rule.

law enforcement resources to be employed to execute the warrant. *See e.g., Harvey v. State,* 150 S.W.3d 128, 129 (Mo.App. E.D.2004); *Kemper v. State,* 129 S.W.3d 439, 440 (Mo.App. E.D.2004). Movant's escape also resulted in a forty-nine day delay in sentencing, a time frame to which we have previously applied the escape rule. *See, e.g. State v. Bailey,* 848 S.W.2d 611, 612 (Mo.App. E.D.1993) (forty-nine day delay in sentencing). Further, we are unmoved by Movant's explanation for failing to appear for sentencing and find it an affront to the dignity of the courts, especially in light of the repeated warnings that the plea court gave Movant at the plea hearing. Movant did not seek a continuance of his sentencing based on his lack of transportation. Additionally, Movant's sentence was within the range of punishment available to the sentencing court. Application of the escape rule is not dependent on the alleged merits of a movant's underlying claim; if so, the rule would not serve its purposes. Application of the escape rule responds to Movant's flouting the authority of the courts from which he was seeking relief. Finally, we note that the claims raised in Movant's amended motion do not concern alleged errors occurring after his recapture. Accordingly, Movant's failure to appear for sentencing waives his right to appeal.

*Conclusion*

Movant's appeal is dismissed pursuant to the escape rule.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.