**Ray Charles SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85275.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 2005.

Maleaner R. Harvey, St. Louis, MO, for appellant.

Deborah Daniels, Alison K. Brown, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Ray Charles Smith (hereinafter, "Movant") appeals the denial of his Rule 24.035 post-conviction motion without an evidentiary hearing. We dismiss Movant's appeal pursuant to the escape rule.

Movant pleaded guilty to one count of tampering in the first degree pursuant to

Section 569.080.1 RSMo (2000). Movant failed to appear for sentencing after being released on bond pending the results of the pre-sentence investigation. A capias warrant was issued for Movant's arrest on August 23, 2002, and he was apprehended in December 2002. Movant appeared before the trial court and was sentenced as a prior and persistent offender to serve twenty years imprisonment. Movant subsequently filed a timely motion for post-conviction relief pursuant to Rule 24.035, which the court denied without an evidentiary hearing. Movant now appeals.

Movant raises one point on appeal. Movant argues the motion court clearly erred when it summarily denied his post-conviction relief motion pursuant to the escape rule without addressing the merits of the claims. We do not reach Movant's allegation of error because we invoke the escape rule and dismiss his appeal.

The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. *Nichols v. State*, 131 S.W.3d 863, 865 (Mo.App. E.D.2004). A willful failure to appear for sentencing invokes the escape rule. *State v. Crump*, 128 S.W.3d 642, 643 (Mo.App. E.D.2004). The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. *Fogle v. State*, 99 S.W.3d 63, 65 (Mo.App. E.D. 2003). The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of the motion or dismisses the motion based upon its application of the escape rule. *Crawley v. State*, 155 S.W.3d 836, 837 (Mo.App. E.D.2005).

Movant does not contend the motion court erred in invoking the escape rule. Movant fails to address the effect of the escape rule on the motion court's disposition of Movant's claim. The record reveals the trial court firmly admonished Movant that if he failed to appear for sentencing, it would not hesitate to impose the maximum sentence allowable or follow the State's sentencing recommendation. It is undisputed Movant failed to appear, a warrant was issued for his arrest, and he was apprehended four months later.

The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system. *Randol v. State*, 144 S.W.3d 874, 876 (Mo.App. W.D.2004). This determination if left to the sound discretion of the appellate court. *State v. Selvy*, 72 S.W.3d 219 (Mo.App. E.D.2002).

The record supports a finding Movant knowingly alluded the authorities because he was aware that a warrant was issued for his arrest, and he failed to turn himself in. This resulted in a six month delay in sentencing. Further, the trial court repeatedly rebuked Movant's failure to appear and subsequent flight after the trial court "took a chance" by placing him on bond pending the pre-sentence investigation. We agree with the trial court which found Movant's escape had an adverse effect on the criminal justice system. The motion court did not err in applying the escape rule, and therefore, Movant was not entitled to a review of the merits of his post-conviction relief claims.

Movant's appeal is dismissed.

GARY M. GAERTNER, SR., P.J. and KENNETH M. ROMINES, J., concur.