Jeremy NELSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27693.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 5, 2007.

478

Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Louise Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Jeremy Nelson (Nelson) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Because Nelson fled the state and thereby delayed his sentencing for over 31 months, we apply the escape rule and dismiss his appeal.

In March 2000, Nelson was charged by information in the Circuit Court of Cape Girardeau County with committing three class B felonies. Counts I and II of the information charged Nelson with the sale of cocaine base, a controlled substance. *See* § 195.211. Count III charged Nelson with possession of a controlled substance with intent to sell. *Id.* On April 5, 2000, Nelson was released on bond. A few weeks later, the case was transferred to New Madrid County on a change of venue.

On November 14, 2000, Nelson appeared in the Circuit Court of New Madrid County and pled guilty to Count II of the information. The State dismissed Counts I and III in exchange for the plea. Nelson agreed to enter into an open plea, knowing that the State intended to ask for a 15–year sentence and that his lawyer would

---

1. All references to rules are to Missouri Court Rules (2006). All references to statutes are to RSMo (2000).

recommend a lesser punishment be imposed. After finding Nelson's plea to be freely, voluntarily, and intelligently given, the plea court ordered a presentence investigation. Formal sentencing was set for January 5, 2001. In the interim, Nelson remained free on bond.

Nelson failed to appear for sentencing, and a *capias* warrant for his arrest was issued by the court. On July 24, 2003, Nelson was arrested pursuant to that warrant and incarcerated in the New Madrid County jail. On August 12, 2003, Nelson was finally sentenced. During the hearing, Nelson admitted that he "panicked" and fled to Illinois while free on bond, instead of appearing at his original sentencing hearing as required. The court sentenced Nelson to serve 15 years in prison.

In September 2003, Nelson filed a timely *pro se* motion for post-conviction relief. Counsel was appointed, and an amended motion was filed. This motion alleged, *inter alia,* that Nelson's guilty plea was accepted without a factual basis for the plea having been established as required by Rule 24.02(e). In March 2006, the amended motion was denied without an evidentiary hearing. Insofar as relevant here, the motion court ruled that the transcript of the guilty plea hearing refuted Nelson's allegation concerning the lack of a factual basis for his guilty plea.

■ In Nelson's lone point on appeal, he seeks to challenge this ruling by the motion court. The State, however, requests that we dismiss Nelson's appeal pursuant to the escape rule. Given the long delay in sentencing that resulted from Nelson's flight to Illinois, we grant the State's request and dismiss this appeal.

■ "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who

escapes justice." *Crawley v. State,* 155 S.W.3d 836, 837 (Mo.App.2005). This rule applies to appeals arising from the disposition of Rule 29.15 and Rule 24.035 motions as well as direct appeals. *Pargo v. State,* 191 S.W.3d 693, 698 (Mo.App.2006); *Wagner v. State,* 172 S.W.3d 922, 924 (Mo.App. 2005); *Nichols v. State,* 131 S.W.3d 863, 865 (Mo.App.2004). A defendant's willful failure to appear for sentencing constitutes an escape within the meaning of this rule. *Smith v. State,* 174 S.W.3d 74, 75 (Mo.App. 2005); *Wagner,* 172 S.W.3d at 924; *Crawley,* 155 S.W.3d at 837. Even though the motion court addressed the merits of Nelson's post-conviction motion, we may still invoke the escape rule and dismiss Nelson's appeal. *See, e.g., Smith,* 174 S.W.3d at 75; *Wagner,* 172 S.W.3d at 924; *Crawley,* 155 S.W.3d at 837. Application of the escape rule does not violate Nelson's constitutional rights; he has no constitutional right to appeal his conviction or challenge his conviction in a state post-conviction proceeding. *Laws v. State,* 183 S.W.3d 629, 632 (Mo.App.2006); *Echols v. State,* 168 S.W.3d 448, 451 (Mo.App.2005).

■ "The escape rule is applicable to those errors occurring before and up to the escape." *Crawley,* 155 S.W.3d at 837. The only point asserted by Nelson in his appeal is that no factual basis for his guilty plea was established at the plea hearing. As noted above, this hearing took place several months before Nelson failed to appear for sentencing. Therefore, if the escape rule applies, it would bar Nelson's appeal. *See State v. Ore,* 192 S.W.3d 723, 725 (Mo.App.2006).

■ Missouri does not follow a *per se* dismissal rule in the event of a defendant's escape. *State v. Surritte,* 35 S.W.3d 873, 875 (Mo.App.2001). Whether to dismiss an appeal for this reason is left to the sound discretion of the appellate tribunal. *State v. Troupe,* 891 S.W.2d 808, 811 (Mo.

banc 1995); *Crawley*, 155 S.W.3d at 837. "There is no threshold amount of time an appellant must have escaped justice before dismissal is allowed." *Holmes v. State*, 92 S.W.3d 193, 196 (Mo.App.2002).[2] "The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system." *Smith v. State*, 174 S.W.3d 74, 75 (Mo.App.2005). Barring the appeal of an escaping defendant has been justified on a number of different grounds: (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *State v. Brown*, 974 S.W.2d 630, 632 (Mo.App.1998).

All of these justifications except the first are applicable to the case at bar. Nelson was scheduled to appear on January 5, 2001, to be sentenced. He willfully failed to do so. Because he did not appear, the court was required to issue a *capias* warrant for Nelson's arrest, and his sentencing was delayed for 31 months. This delay in sentencing due to Nelson's willful failure to appear adversely affected the criminal justice system. His conduct was "an affront to the dignity of the courts" and demonstrates that he is unwilling to subject himself to the authority

of the legal system from which he is now seeking relief. *Wagner*, 172 S.W.3d at 925. If we do not bar Nelson's appeal, the absence of consequences for his actions may encourage other defendants to escape. Moreover, permitting Nelson to pursue an appeal after an escape would tend to diminish respect for the criminal justice system. Finally, allowing Nelson to appeal the denial of post-conviction relief could potentially prejudice the State, if we ruled in Nelson's favor, by forcing the State to try Nelson on a six-year-old drug charge. *See State v. Troupe*, 891 S.W.2d 808, 810–11 (Mo. banc 1995). All of these effects adversely affect the criminal justice system. "Those who seek protection from the legal system ... must be willing to abide by all the rules and decisions of that legal system." *Harvey v. State*, 150 S.W.3d 128, 130 (Mo.App.2004). Pursuant to the escape rule, Nelson's appeal is dismissed.

GARRISON and LYNCH, JJ., concur.

---

2. We note, however, that the post-conviction appeals of movants who were at large for shorter periods of time than Nelson have been dismissed pursuant to the escape rule. *See, e.g., Smith v. State*, 174 S.W.3d 74, 75 (Mo.App.2005) (four-month delay in sentencing); *Wagner v. State*, 172 S.W.3d 922, 923–24 (Mo.App.2005) (one-month delay in sentencing); *Crawley*, 155 S.W.3d at 837 (Mo.App.2005) (20–month delay in sentencing); *Harvey v. State*, 150 S.W.3d 128, 129 (Mo.App.2004) (two-month delay in sentencing); *Randol v. State*, 144 S.W.3d 874, 876 (Mo.App.2004) (five-month delay in sentencing).