**STATE of Missouri, Plaintiff–Respondent,**

v.

**Grant MARSH, Defendant–Appellant.**

**No. 27760.**

Missouri Court of Appeals, Southern District, Division Two.

March 26, 2008.

Jerry Michael Kirksey, Bolivar, MO, for Defendant-Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for Respondent's.

JEFFREY W. BATES, Chief Judge.

In November 2003, Grant Marsh (Defendant) struck and killed a pedestrian while driving his van. He was charged with involuntary manslaughter and leaving the scene of an accident. *See* § 565.024; § 577.060.[1] After a bench trial, he was acquitted of the former charge and found guilty of the latter charge. The court sentenced Defendant to serve four years in prison. Execution of that sentence was suspended, and Defendant was placed on probation for five years.

Thereafter, Defendant appealed his conviction for leaving the scene of the accident. In due course, Defendant filed an appellant's brief containing two points. Each one challenges, in a somewhat different manner, the sufficiency of the evidence to support Defendant's conviction. After the State filed its respondent's brief, the cause was submitted to this Court for a decision.

■ While Defendant's appeal was still pending, the State filed a motion to dismiss based upon the escape rule. The motion was based on the following facts:

1. On November 26, 2007, the trial court issued a *capias* warrant for Defendant's arrest due to alleged probation violations.

2. Defendant was taken into custody on December 7, 2007. The trial court scheduled a probation violation hearing for January 25, 2008.

3. On December 12, 2007, Defendant was released on a $15,000 bond.

4. On December 21, 2007, the trial court issued a second *capias* warrant for Defendant's arrest because he failed to report to his probation officer.

5. Defendant failed to appear for scheduled court hearings on January 25 and January 30, 2008.

6. On March 7, 2008, the trial court held a hearing and forfeited Defendant's bond. Defendant has absconded and remains at large.

Defendant's counsel filed no response to the State's motion. For the reasons stated below, we grant the motion and dismiss Defendant's appeal.

■ "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who

---

1. All references to statutes are to RSMo (2000).

escapes justice." *Crawley v. State,* 155 S.W.3d 836, 837 (Mo.App.2005). This rule, however, only applies to errors occurring up to the time of an appellant's escape. *State v. Ore,* 192 S.W.3d 723, 725 (Mo.App. 2006). The decision whether to dismiss an appeal based upon the escape rule is left to the sound discretion of the appellate tribunal. *Id.* "The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system." *Smith v. State,* 174 S.W.3d 74, 75 (Mo.App.2005).

Barring the appeal of an escaping defendant has been justified on the following grounds: (1) the need for a court to have control over the defendant before deciding his or her appeal; (2) curtailing administrative problems caused by a defendant's long absence; (3) preventing prejudice to the State in the event the case is remanded for a new trial; (4) preventing a defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *Pradt v. State,* 219 S.W.3d 858, 862 (Mo.App.2007). In the case at bar, grounds one and four through eight are applicable. One of the most important reasons for applying the escape rule is to ensure that an appellate court has control over a defendant before deciding his or her appeal. In the first Missouri opinion to apply the escape rule, our Supreme Court dismissed the appeal of a criminal defendant because "a party appealing, who breaks jail pending such appeal, is in contempt of the authority of the court and of the law, and places himself in a position to speculate on the chances for a reversal, meanwhile keeping out of the reach of justice, and prepared to render the judgment of reversal nugatory or not, at his option." *State v. Carter,* 98 Mo.

431, 11 S.W. 979, 980 (1889). Defendant is not entitled to the protection of the legal system when he is unwilling to abide by its rules and decisions. *State v. Troupe,* 891 S.W.2d 808, 810 (Mo. banc 1995). Under such circumstances, deciding his appeal on the merits would tend to diminish respect for our appellate courts. Furthermore, dismissal of Defendant's appeal pursuant to the escape rule would discourage escape, encourage voluntary surrender and preserve respect for the criminal justice system. *Id.; Pradt,* 219 S.W.3d at 862. Finally, Defendant absconded while on probation. As this Court explained in *Hicks v. State,* 824 S.W.2d 132 (Mo.App.1992):

> Release of a convicted defendant on probation is a matter of grace, and his acceptance subjects him to the conditions of his probation.... Grace notwithstanding, the movant knowingly violated the terms of his probation by absconding [out of state]. He attempted to place himself beyond the control of the department of corrections and demonstrated his contempt for the very system of justice that granted him probation in lieu of incarceration.

*Id.* at 134.

For all of the foregoing reasons, Defendant's escape did adversely affect the criminal justice system. In the exercise of our discretion, this Court concludes that Defendant's appeal should be dismissed pursuant to the escape rule.

BARNEY and BURRELL, JJ., concur.