Fred R. STEVENS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29627.

Missouri Court of Appeals,
Southern District,
Division One.

March 15, 2010.

Matthew Michael Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Fred Stevens (Stevens) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1]  Prior to entering his guilty plea, Stevens failed to appear for both a pretrial conference and a jury trial, requiring the court to twice issue *capias* warrants for his arrest.  After he pled guilty and was placed on probation, Stevens again absconded for nearly a year. Applying the escape rule, we dismiss his appeal.

---

1.  All references to rules are to Missouri Court    Rules (2009).

In January 2004, Stevens was charged by information with: two counts of the class C felony of assault in the second degree by driving while intoxicated; one count of the class D felony of leaving the scene of an accident; and one count of the class D felony of resisting arrest. *See* § 565.060 RSMo (2000); § 577.060 RSMo (2000); § 575.150 RSMo Cum.Supp. (2002). The charges arose in October 2002 when Stevens allegedly drove his truck while under the influence of alcohol, failed to stop for a stop sign and struck a station wagon, injuring two children (victims) inside.

Stevens was originally set to go to trial on all counts. On January 21, 2005, however, Stevens failed to appear for a pre-trial conference, and the court issued a *capias* warrant for his arrest. Stevens was arrested and returned to jail a month later. He subsequently posted bond in June 2005, and his case was set for a jury trial on November 16, 2005. Once again, Stevens failed to appear on that date. The court issued another *capias* warrant for his arrest. A few days later, Stevens was arrested and returned to jail a second time.

In February 2006, Stevens entered a guilty plea pursuant to a plea agreement. In exchange for pleading guilty to the first two counts of second-degree assault, the State dismissed the charges of leaving the scene of an accident and resisting arrest. Stevens was sentenced to two concurrent terms of seven years imprisonment and placed on probation for five years.

Thereafter, Stevens violated his probation. At his probation officer's request, a *capias* warrant for his arrest was issued on July 3, 2006. Stevens was arrested May 29, 2007, but he was released pending a probation revocation hearing set for July 19, 2007. On July 11, 2007, however, Stevens' probation officer requested the issu-

ance of another *capias* warrant, which the court granted, and Stevens was again arrested on July 13, 2007.

The probation revocation hearing took place as scheduled on July 19, 2007. Stevens did not dispute the State's contention that he had violated the conditions of his probation and did not object to the court revoking his probation and imposing sentence upon him. Stevens admitted that he simply stopped reporting to his probation officer. The court revoked his probation and imposed sentence. Stevens subsequently filed a timely pro se Rule 24.035 motion, and appointed counsel filed an amended motion. Therein, Stevens alleged his plea counsel was ineffective for: (1) failing to adequately investigate the victims' injuries; and (2) improperly advising Stevens to waive his preliminary hearing. Following an evidentiary hearing, the motion court denied post-conviction relief.

■ On appeal, Stevens presents a single point relied on challenging the motion court's ruling. The State, however, requests that we dismiss Stevens' appeal pursuant to the escape rule. "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." *Crawley v. State,* 155 S.W.3d 836, 837 (Mo. App.2005). This rule applies to appeals arising from the disposition of motions for post-conviction relief under Rule 24.035 and Rule 29.15, as well as direct appeals. *Pradt v. State,* 219 S.W.3d 858, 862 (Mo. App.2007); *Nichols v. State,* 131 S.W.3d 863, 865 (Mo.App.2004). "This rule, however, only applies to errors occurring up to the time of an appellant's escape." *State v. Marsh,* 248 S.W.3d 648, 650 (Mo.App. 2008); *Crawley,* 155 S.W.3d at 837. Both of the claims contained in Stevens' post-conviction motion involved matters that preceded his decision to abscond while on probation. Therefore, if the escape rule

applies, it would bar Stevens' appeal. *Pradt*, 219 S.W.3d at 862; *see Hicks v. State*, 824 S.W.2d 132, 134–35 (Mo.App. 1992). Whether to dismiss an appeal for this reason is left to the sound discretion of the appellate tribunal. *State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995); *Crawley*, 155 S.W.3d at 837. "The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system." *Smith v. State*, 174 S.W.3d 74, 75 (Mo.App.2005).

Barring the appeal of an escaping defendant has been justified on the following grounds: (1) the need for a court to have control over the defendant before deciding his or her appeal; (2) curtailing administrative problems caused by a defendant's long absence; (3) preventing prejudice to the State in the event the case is remanded for a new trial; (4) preventing a defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *Pradt v. State*, 219 S.W.3d 858, 862 (Mo. App.2007).

In the case at bar, grounds two and four through eight are applicable. Given Stevens' multiple escapes in this case, including his escape from probation for nearly a year, deciding his appeal on the merits would tend to diminish respect for our appellate courts. *Id.*; *see Troupe*, 891 S.W.2d at 810. In addition, dismissal of Stevens' appeal pursuant to the escape rule would discourage escape, prevent selectively abiding by court's decisions, encourage voluntary surrender and preserve respect for the criminal justice system. *Troupe*, 891 S.W.2d at 810; *Pradt*, 219 S.W.3d at 862. Lastly, among his escapes, Stevens absconded while on probation. In *Hicks v. State*, 824 S.W.2d 132 (Mo.App. 1992), this Court explained:

> Release of a convicted defendant on probation is a matter of grace, and his acceptance subjects him to the conditions of his probation.... Grace notwithstanding, the movant knowingly violated the terms of his probation by absconding [out of state]. He attempted to place himself beyond the control of the department of corrections and demonstrated his contempt for the very system of justice that granted him probation in lieu of incarceration.

*Id.* at 134. Especially in this case, Stevens "is not entitled to the protection of the legal system when he is unwilling to abide by its rules and decisions." *State v. Marsh*, 248 S.W.3d 648, 650 (Mo.App. 2008); *Troupe*, 891 S.W.2d at 810; *Nichols v. State*, 131 S.W.3d 863, 865 (Mo.App. 2004) (movant's escape and absence flouted the authority of the courts from which he now seeks post-conviction relief; movant forfeited his right to appeal).

For all of the foregoing reasons, Stevens' escape from probation, as well as his previous escapes, adversely affected the criminal justice system. *See Pradt*, 219 S.W.3d at 862; *Nichols*, 131 S.W.3d at 865. In the exercise of our discretion, this Court dismisses Stevens' appeal pursuant to the escape rule.

BARNEY and LYNCH, JJ., concur.