**STATE of Missouri, Plaintiff–Respondent,**

v.

**ANTOINE R. BOONE, Defendant–Appellant.**

**No. SD 31321.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2013.

Erika R. Eliason of Columbia, MO, attorney for appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen. of Jefferson City, MO, attorney for respondent.

JEFFREY W. BATES, P.J.

Antoine Boone (Boone) was charged by information with the class A felony of assault in the first degree and armed criminal action. *See* §§ 565.050, 571.015.[1] On December 10, 2010, a jury found Boone guilty of the charged offenses. After the jury returned its verdict, the trial court took a short recess before proceeding with the penalty stage of the trial. During the recess, Boone was granted leave to use the restroom. He did not return to the courtroom. Subsequent searches within the courthouse by defense counsel and the bailiff failed to reveal Boone's location. The trial court overruled defense counsel's motion for a continuance and proceeded with the penalty phase of Boone's trial. The jury returned verdicts recommending a 15–year prison sentence on each charge. The trial court declined to set a date for sentencing until Boone was apprehended and issued a *capias* warrant.

On January 14, 2011, law enforcement served the *capias* warrant on Boone. Boone's sentencing hearing was held on April 28, 2011. At the hearing, the trial court denied Boone's motion for a new

trial, in part because of Boone's escape following his conviction. The trial court then imposed the 15–year sentences recommended by the jury, ruling that such sentences would run concurrently.

On appeal, Boone contends: (1) the trial court clearly erred by overruling Boone's *Batson*[2] challenge to peremptory strikes by the State during *voir dire;* and (2) the trial court abused its discretion when it overruled Boone's objection to the admission of a video recording of Boone's interrogation. For the reasons set forth below, we do not reach the merits of Boone's arguments.

The State argues that Boone's appeal should be dismissed based upon the escape rule. "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." *Crawley v. State,* 155 S.W.3d 836, 837 (Mo.App.2005). The escape rule may be applied where, as is the case here, the defendant has attempted to escape justice by absconding from the courthouse. *See State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995); *Holmes v. State,* 92 S.W.3d 193, 195 (Mo.App.2002). Application of the escape rule does not violate Boone's constitutional rights, as he has no constitutional right to appeal his convictions. *Nelson v. State,* 210 S.W.3d 477, 479 (Mo.App.2007); *Laws v. State,* 183 S.W.3d 629, 632 (Mo.App.2006); *Echols v. State,* 168 S.W.3d 448, 451 (Mo.App.2005).

The escape rule is only applicable to errors occurring prior to Boone's escape. *Stevens v. State,* 306 S.W.3d 175, 176–77 (Mo.App.2010); *State v. Marsh,* 248 S.W.3d 648, 650 (Mo.App.2008); *State v. Ore,* 192 S.W.3d 723, 725 (Mo.App.2006); *Crawley,* 155 S.W.3d at 837. Boone's two

1. All references to statutes are to RSMo (2000).

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

points on appeal involve allegations of error that occurred during the guilt phase of Boone's trial. Following the announcement of the jury's guilty verdicts, Boone absconded from the courthouse. Thus, if the escape rule applies, it would bar Boone's appeal.

Boone contends the escape rule should not be applied because: (1) the delay in his sentencing did not sufficiently affect the criminal justice system; and (2) he has meritorious claims on appeal. Neither argument has merit. There is no threshold amount of time required before dismissal under the escape rule is appropriate. *Holmes*, 92 S.W.3d at 196.[3] Further, "[a]pplication of the escape rule is not dependent on the alleged merits of a movant's underlying claim; if so, the rule would not serve its purposes." *Wagner v. State*, 172 S.W.3d 922, 925 (Mo.App.2005).

An appellate tribunal has discretion to dismiss an appeal because of a defendant's escape. *Troupe*, 891 S.W.2d at 811; *Nelson*, 210 S.W.3d at 479–80; *Crawley*, 155 S.W.3d at 837. "The relevant inquiry in determining whether to apply the escape rule is deciding whether the escape adversely affected the criminal justice system." *Marsh*, 248 S.W.3d at 650; *Smith v. State*, 174 S.W.3d 74, 75 (Mo.App.2005). Justifications for barring Boone's appeal in light of his escape include the following:

(1) the need for a court to have control over the defendant before deciding his or her appeal; (2) curtailing administrative problems caused by a defendant's long absence; (3) preventing prejudice to the State in the event the case is remanded for a new trial; (4) preventing a defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*Marsh*, 248 S.W.3d at 650; *Pradt v. State*, 219 S.W.3d 858, 862 (Mo.App.2007).

In the case at bar, we find that justifications four through seven are applicable. *See, e.g., Ore*, 192 S.W.3d at 727. Aware of his convictions, Boone willfully absconded prior to the penalty phase of the trial. Applying the escape rule prevents Boone from flouting the authority of the courts from which he now seeks relief. *See Wagner*, 172 S.W.3d at 925. Because of Boone's absence, the trial court issued a *capias* warrant for Boone's arrest. As a result, law enforcement resources had to be expended to execute the warrant, and the trial court had to delay scheduling a date for Boone's sentencing hearing for two months. Dismissing Boone's appeal may discourage other defendants from attempting to escape. Denying Boone's request to have his appeal heard on the merits preserves respect for the criminal justice system.

Pursuant to the escape rule, Boone's appeal is dismissed.

DON E. BURRELL, and MARY W. SHEFFIELD, JJ., Concur.

---

**3.** Boone's one-month fugitive status resulted in a two-month delay in the scheduling of his sentencing hearing. Similar time frames may be found in other cases that applied the escape rule where the defendant had absconded prior to sentencing. *See, e.g., Ore*, 192 S.W.3d at 725 (one-month sentencing delay); *Holmes*, 92 S.W.3d at 195 (three-week fugitive status); *State v. Surritte*, 35 S.W.3d 873, 874–75 (Mo.App.2001) (four-day fugitive status and 14-day sentencing delay).