STATE of Missouri, Respondent,

v.

Mark Timothy MCKAY, Appellant.

No. ED 104172

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: May 16, 2017

ATTORNEY FOR APPELLANT: Grant Christian Boyd, Travis L. Noble, Jr., Co-Counsel, 8000 Maryland Avenue, Suite 350, Clayton, MO 65105, SINDEL, SONDEL, & NOBLE.

ATTORNEY FOR RESPONDENT: Nathan Jeremy Aquino, P.O. Box 899, Jefferson City, MO 65102.

## OPINION

Mary K. Hoff, Judge

Mark Timothy McKay (Defendant) appeals from the trial court's judgment denying his motion to withdraw his guilty plea under Rule 29.07(d). We dismiss Defendant's appeal pursuant to the escape rule.

### Factual and Procedural Background

Defendant was charged with driving while intoxicated for operating a motor vehicle while intoxicated, in violation of Section 577.010 RSMo 2000,[1] and with driving while his license was revoked, in violation of Section 302.321, for events occurring on October 13, 2012. Defendant was charged as a chronic offender, having pleaded guilty to driving while intoxicated twice in 2008 and twice in 2009.

On September 24, 2013, Defendant was ordered released on bond pending trial. The trial court conditioned Defendant's release, requiring Defendant to refrain from possessing or consuming alcohol, submit to alcohol and drug testing, and submit to electronic monitoring for alcohol consumption through the SCRAM system.

On June 30, 2014, Defendant entered pleas of guilty to both charges, not pursuant to a plea agreement. Sentencing was initially scheduled for September 5, 2014 and later continued to October 24, 2014, at the request of defense counsel.

On October 17, 2014, Defendant retained new counsel and moved to withdraw his guilty plea pursuant to Rule 29.07(d), maintaining that his plea had been involuntary and unintelligent due to ineffective assistance of his original counsel. The trial court held multiple hearings on Defendant's motion.

On January 19, 2015, the trial court ordered an additional condition to Defendant's bond, requiring that he desist from operating a motor vehicle.

Prior to the August 26, 2015 hearing on Defendant's Rule 29.07(d) motion, Defendant was arrested in Saint Louis County for suspicion of driving while intoxicated and possession of a controlled substance. On August 17, 2015, the trial court revoked Defendant's bond and issued a capias warrant for Defendant's arrest. Defendant also failed to appear at the two subsequent hearings, on September 15, 2015 and October 30, 2015, regarding his 29.07(d) motion. On February 3, 2016, Defendant was arrested pursuant to the capias warrant. On February 19, 2016, the motion court denied Defendant's Rule 29.07(d) motion, denying the motion under the escape rule and finding on the merits that Defendant's plea was not involuntarily or unintelligently made. This appeal follows.[2]

### Standard of Review

 " 'The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice.' " Parsons v. State, 383 S.W.3d 71, 73 (Mo. App. E.D. 2012) (quoting Crawley v. State, 155 S.W.3d 836, 837 (Mo. App. E.D. 2005)). "The escape rule is

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

2. Additional facts will be included below as we address Defendant's points of error.

applicable to both [direct] appeals on the merits and [from] motions for post-conviction relief under Rules 29.15 and 24.035." Id. "However, the escape rule only applies to errors that occurred prior to and up to the time of escape." Id. (citing Nichols v. State, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004)). "In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system." Nichols, 131 S.W.3d at 865. The intentional failure to appear for sentencing is sufficient reason to invoke the escape rule. Id. The escape rule "operates to deny the right of appeal" if deemed appropriate in the exercise of an appellate court's discretion. Id.

## Discussion

Defendant raises two points on appeal; however, because Point I is dispositive, we need not address Point II regarding the voluntariness of Defendant's plea.

■ In Point II, Defendant argues the trial court erred in not setting aside his guilty plea and holding that the escape rule applied pursuant to Rule 29.07(d). Specifically, Defendant contends that because he was in custody for sentencing and therefore did not attempt to escape following conviction, the escape rule cannot apply to Defendant's case. Furthermore, Defendant argues that his escape did not adversely affect the criminal justice system, since his presence was not required at the hearings during which he was absent. We disagree.

After pleading guilty but prior to sentencing, Defendant filed a motion to withdraw his guilty plea on October 17, 2014, and in his memorandum of law in support of his motion, he argued that he "did not receive effective assistance of counsel" in part because counsel allegedly misadvised Defendant that evidence of his prior driving-while-intoxicated convictions would be admitted at trial regardless of whether Defendant testified.

At the conclusion of a hearing, the trial court indicated that it would grant Defendant's request to modify his bond allowing him to working in Iowa pending disposition of his case, but warned Defendant against failing to appear and driving while intoxicated, noting that his bond could be revoked. Defendant originally posted bond on September 24, 2013, which was revoked on August 17, 2015 after Defendant was arrested for suspicion of driving while intoxicated and possession of a controlled substance, and a capias warrant was issued.

The trial court held various hearings on Defendant's motion. During those hearings, the trial court explicitly noted, "[Defendant] still has absconded on his bond, to my knowledge has not yet been apprehended," and "Defendant is not here, and is still at large, having failed to appear, and a warrant had been issued for the Defendant's arrest." The trial court noted that it could not sentence Defendant until he was apprehended. Defendant was apprehended on February 3, 2016. The next day, the trial court set sentencing for February 19, 2016.

On February 19, 2016, the trial court denied Defendant's motion to withdraw his guilty plea, ruling that the escape rule was applicable to the case:

The Court finds that the application of the escape rule is appropriate in this case, where defendant is seeking to withdraw his guilty plea. Defendant violated conditions of his bond, his bond was revoked and he remained at large for several months during which time the Court continued the hearing on his motion twice and finally concluded the hearing in his absence. Movant therefore

is not entitled to withdraw his guilty pleas in this case.

In its order denying Defendant's motion to withdraw his guilty plea, the trial court also ruled on the merits of the motion.

Contrary to Defendant's contentions, the escape rule has been applied where, as here, the defendant absconded before sentencing. In Fogle v. State, the defendant pleaded guilty and did not appear for his sentencing hearing. Fogle v. State, 99 S.W.3d 63, 64 (Mo. App. E.D. 2003). This Court applied the escape rule, finding that the seven-week delay in sentencing adversely affected the criminal justice system. Id. at 65. Likewise, in Johnson v. State, the defendant pleaded guilty and failed to appear for sentencing. Johnson v. State, 427 S.W.3d 299, 301 (Mo. App. E.D. 2014). This Court dismissed his claim that his guilty plea was not knowingly and voluntarily made due to ineffective assistance of counsel pursuant to the escape rule. Id. at 302. Here, just as in Fogle and Johnson, Defendant absconded before he was sentenced and therefore, this Court can apply the escape rule where the defendant absconds before sentencing.

Defendant further contends that Defendant's failure to appear did not adversely affect the criminal justice system.

In Fogle, the defendant failed to appear at his sentencing hearing, used drugs while he absconded in a different state, and necessitated the filing of a capias warrant and extradition process. Fogle, 99 S.W.3d at 65. This Court found that the criminal justice system was adversely affected by the efforts needed to file the capias warrant and extradition. Id. Fur-

thermore, the Court recognized his continued drug use while escaping as a threat to public safety. Id. Likewise, in Nichols v. State, the defendant failed to appear for a bond hearing, the court issued a capias warrant, and the defendant was arrested two years later. Nichols, 131 S.W.3d at 865. Finding that the defendant "flouted the authority of the courts" and adversely impacted the criminal justice system by delaying his sentencing, this Court dismissed his claim alleging ineffective assistance of plea counsel. Id.

Here, as in Fogle and Nichols, Defendant's actions necessitated the filing of a capias warrant and his subsequent arrest. He was not present for two hearings during which a warrant had been issued for his arrest. Also, the trial court was unable to schedule a sentencing hearing until Defendant was apprehended. Furthermore, Defendant violated his bond conditions, creating a threat to public safety. Defendant's escape obligated law enforcement to use its resources to pursue him and forced the court to wait to set a sentencing date until his arrest, thus having an adverse effect on the criminal justice system.

There is no threshold duration of time for the defendant to have absconded in order for this Court to apply the escape rule. Johnson, 427 S.W.3d at 301. In Fogle, the Court applied the escape rule to a seven-week escape. Fogle, 99 S.W.3d at 65.[3] In the instant case, on August 17, 2015, the court revoked Defendant's bond and issued a capias warrant after Defendant violated a condition of his bond by driving. Defendant failed to appear at the two following hearings regarding his mo-

---

3. The escape rule has been applied in many cases, including more recently State v. Hall, 504 S.W.3d 88 (Mo. App. E.D. 2016) (a defendant who flees the jurisdiction of the court or "escapes," which includes failing to appear, either during trial or in the process of post-trial proceedings, forfeits his rights to an appeal on the merits of the case) and State v. Spurgeon, 482 S.W.3d 479 (Mo. App. E.D. 2016) (the "escape rule" operates to deny the right of appeal to a defendant who escapes justice).

tion, on September 15, 2015 and October 30, 2015. On February 3, 2016, Defendant was arrested. The trial court was unable to schedule sentencing during this five and a half month period, and then immediately did schedule sentencing the day after Defendant was apprehended.

Given the delays and burdens imposed on the criminal justice system based on Defendant's absence, the trial court did not err in denying Defendant's motion to set aside his guilty pursuant to the escape rule. Finally, Defendant was not prejudiced by the trial court's application of the escape rule as the trial court reached the merits of Defendant's motion, explicitly rejecting his claims and denying the motion. Point denied.

### Conclusion

The appeal is dismissed.

Robert M. Clayton III, Presiding Judge, and Lisa P. Page, Judge, concur.