

# Missouri Court of Appeals
### Southern District
### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | ) No. SD36321 |
| | ) |
| ALLEN K. HOGAN, | ) FILED: October 28, 2020 |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Judge

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**

Allen K. Hogan ("Defendant") was charged with committing the class C felony of second-degree sodomy against R.M. ("Victim"). *See* section 566.061.[1] At Defendant's bench trial, the trial court stated on the record at the outset that Defendant was being tried on "one count of Class C felony of sodomy." Thereafter, at a subsequent hearing, the trial court announced that it found Defendant guilty beyond a reasonable doubt. The trial court admonished Defendant to appear for sentencing at 10:30 a.m. on November 19, 2018, and allowed him to remain released on bond.

---

[1] All statutory references are to RSMo (2016).

Defendant failed to appear for his scheduled sentencing. A *capias* warrant was issued on that date and almost eight months later, on July 11, 2019, Defendant was taken into custody. Defendant was sentenced on September 13, 2019.

At the sentencing hearing, the trial court recited on the record that Defendant had been "convicted on a Class C felony" and, following argument by counsel, sentenced him to six years' imprisonment. The trial court's written judgment, however, inconsistent with its oral pronouncement, stated that Defendant had been found guilty of "Sodomy Or Attempted Sodomy – 1st Degree (Felony Unclassified RSMo: 566.060)[.]"

Defendant now timely appeals his judgment of conviction. In two points, he challenges (1) the trial court's refusal at trial to admit an exhibit—a Facebook post made by Victim—into evidence, and (2) the portion of the trial court's written judgment and sentence listing first-degree sodomy as the offense he was charged with and convicted of committing.

The State responds that (1) the "escape rule" warrants the dismissal of Defendant's first point because the alleged error occurred before Defendant's initial failure to appear for sentencing, and (2) Defendant's second point concerns "a clerical error" in the trial court's written judgment and remand is necessary for correction of that error. We agree with the State in both respects.

The escape rule is a judicially-created doctrine, the primary purpose of which is to deny the right of appeal to a defendant who escapes justice. **State v. Troupe**, 891 S.W.2d 808, 809 (Mo. banc 1995). "A criminal defendant's failure to appear for a sentencing hearing constitutes an 'escape' under the rule." **State v. Spurgeon**, 482 S.W.3d 479, 481 (Mo.App. 2016). The decision to apply the escape rule or not rests within this Court's discretion. **State v. Shuey**, 193 S.W.3d 811, 813 (Mo.App. 2006). In deciding whether to exercise our discretion to apply the

escape rule, the relevant inquiry is whether the defendant's escape adversely affects the criminal justice system. *Troupe*, 891 S.W.2d at 811. The escape rule has been justified on many grounds, including: (1) the need for a court to have control over a defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *State v. Brown*, 974 S.W.2d 630, 632 (Mo.App. 1998).

In his reply brief, Defendant does not proffer any explanation for his failure to initially appear for sentencing, for remaining an absconder for almost eight months, or for his refusal to voluntarily surrender himself for sentencing during that period. Instead, he concedes, but then seizes upon, the *absence* of evidence in the record on the subject; faults *the prosecutor* for failing to address it during the State's sentencing argument; and suggests that, because the facts and circumstances underlying Defendant's failure to appear were not introduced into the record, those facts and circumstances presumably do not support any of the escape rule justifications, *supra*. We reject Defendant's suggestion.

In *State v. Kelsall*, 545 S.W.3d 355, 357 (Mo.App. 2018), there was also no evidence or explanation presented to the trial court as to why the defendant did not appear for his sentencing. Given that situation, however, this Court concluded that "[i]n the absence of credible evidence that Defendant's failure to appear for sentencing was not willful, we determine justifications four though seven, *supra*, are applicable." *Id.*

We reach the same conclusion here. As in *Kelsall*, Defendant escaped from sentencing, a *capias* warrant was issued for his arrest, and law enforcement resources had to be expended to

execute the warrant. *See id.* This resulted in a sentencing delay here of approximately ten months, far exceeding the three-week delay in **Kelsall**. *See id.* Consistent with that case, dismissing Defendant's first point "discourages other defendants from attempting an escape from sentencing and preserves respect for the criminal justice system." *Id.*

The escape rule, however, only applies to alleged errors that occurred before the escape. *State v. Boone*, 409 S.W.3d 595, 597 (Mo.App. 2013). Therefore, while it applies to Defendant's first point (alleging error concerning the exclusion of evidence at trial), it does not apply to his second (alleging, correctly, that there is a clerical error in the written judgment and sentence).

As to the latter point, both parties agree that the written judgment is incorrect and does not accurately reflect the trial court's oral pronouncement of Defendant's sentence. "The written sentence and judgment of the trial court should reflect the oral pronouncement of sentence." *State v. Lewis*, 582 S.W.3d 162, 166-67 (Mo.App. 2019). "When a clerical error or omission has occurred, the trial court has the power to correct the inaccuracy with a *nunc pro tunc* order." *Id.* at 167.

For the aforementioned reasons, Defendant's first point is dismissed pursuant to the escape rule,[2] his second point is granted, and we remand the case for correction of the written judgment to reflect the trial court's oral pronouncement of Defendant's sentence. In all other respects, the trial court's judgment of conviction is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR
DON E. BURRELL, J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS

---

[2] Even if we reached the merits of Defendant's first point, it would fail because he cannot show that he was prejudiced by the trial court's refusal to admit Victim's Facebook post into evidence. Although the trial court excluded the exhibit containing that post, it allowed defense counsel, during his cross-examination of Victim, to read aloud the contents of the post and to elicit Victim's acknowledgment that she had posted the material in question.