Harold FOGLE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 81052.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 25, 2003.

**64**

Stacey F. Sullivan, Assistant State Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Patrick T. Morgan, Assistant Attorney General, Jefferson City, MO, for respondent.

MARY R. RUSSELL, Presiding Judge.

Harold Fogle ("Movant") appeals from a judgment of the Circuit Court of St. Charles County denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant alleges: (1) that the motion court clearly erred in finding there was a factual basis to support his guilty plea on the charge of stealing by deceit, (2) that the motion court lacked jurisdiction to convict Movant of stealing by deceit as there was no factual basis to support that charge, and (3) that Movant's plea counsel was ineffective for failing to object to the absence of a factual basis for the charge of stealing by deceit. We dismiss the appeal.

On August 8, 2000, Movant pled guilty to one count of felony stealing by deceit and one count of forgery, in violation of sections 570.030 and 570.090 RSMo 2000, respectively. Movant was questioned regarding the voluntariness of his plea, the rights he was waiving by pleading guilty, the facts of his case, and the charges filed against him. The plea court accepted Movant's plea. As a prior and persistent offender, the state recommended that Movant be sentenced to 20 years in prison with a stay of execution of sentence. The state's recommendation was contingent on Movant paying $5,000 of his $18,559 restitution the following day. Furthermore, the state recommended that Movant be placed on five years' probation during which time he was to repay the balance of his restitution. Finally, the state agreed to forego prosecuting Movant for failure to appear at an earlier proceeding.

In order to provide Movant with ample time to raise the $5,000, the plea court deferred sentencing until August 11. Movant was warned that if he did not appear for sentencing, he could be sentenced to 20 years on each count, with the sentences to run consecutively rather than concurrently. Despite this warning, Movant failed to appear for sentencing on August 11, and a *capias* warrant was issued for his arrest. Police later discovered Movant in Illinois using drugs, and he was extradited back to Missouri. Movant appeared before the court on September 29 without having paid any restitution. The court sentenced him to concurrent 20–year prison terms on the forgery and stealing by deceit counts.

Movant subsequently filed an amended Rule 24.035 motion to vacate, set aside, or correct his judgment or sentence. The motion court denied the request for an evidentiary hearing, and Movant now appeals.

■ Because it is dispositive, we address the state's argument that Movant's appeal should be dismissed pursuant to the escape rule given that he failed to appear

for his sentencing hearing. The escape rule denies the right of appeal to a defendant who escapes justice. *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995). The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. *Vangunda v. State,* 922 S.W.2d 857, 858 (Mo. App.1996). The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of the movant's claim or it dismisses the motion based on application of the rule. *Id.* The escape rule only applies to errors that occur prior and up to the time of escape. *Robinson v. State,* 854 S.W.2d 393, 396 (Mo. banc 1993). Once a defendant escapes and has been returned to custody, he is entitled to appeal any errors that occurred post-capture. *Id.*

■ There are numerous rationales advanced for application of the escape rule, including: the adverse effect an escape has on Missouri's criminal justice system, the administrative problems caused by a defendant's absence, the prejudice that would result if the case was remanded for a new trial after an extended delay, and the discouragement of escape and the encouragement of voluntary surrender. *Troupe,* 891 S.W.2d at 810. Another rationale for applying the rule is that those who seek protection from the legal system must be willing to abide by all of its rules and decisions and not just particular judicial decisions. *Id.* "A reviewing court may invoke procedural rules to protect the orderly and efficient use of its resources." *Id.* at 811.

■ Our inquiry is focused on whether the escape adversely impacts the criminal justice system. *Id.* This determination falls within the sound discretion of the appellate court. *Id.* Movant's failure to appear resulted in a seven-week delay between the original and actual sentencing date. His escape necessitated the filing of a *capias* warrant for his arrest as well as service of process in Illinois and extradition. While in Illinois, Movant used drugs, posing a threat to public safety. His escape delayed the payment of restitution to his victims. We find that Movant's escape flouted the authority of the courts from which he was seeking post-conviction relief and had an adverse impact on the administration of criminal justice.

Finally, we note that Movant's three allegations of error involve whether a factual basis existed for his plea of guilty to the charge of stealing by deceit. These alleged errors occurred prior to his escape and recapture. Movant's failure to appear at sentencing waives his right to appeal these errors.

Movant's appeal is dismissed pursuant to the escape rule.

CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J., concur.