Ronald KEMPER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 82323.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 2004.

Jo Ann Rotermund, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Jefferson City, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, JR., J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Ronald Kemper ("movant") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on the merits without evidentiary hearing. In his motion, movant claimed his guilty plea was involuntarily entered because a factual basis for the plea did not exist. He also claimed he was denied effective assistance of counsel. We dismiss the appeal.

Movant was charged with one count of forgery, pursuant to section 570.090 RSMo (2000). He was charged as a persistent offender by amended information. On August 13, 2001, movant pled guilty to one count of forgery.[1] He was later sentenced to twenty years of incarceration in the Missouri Department of Corrections. He filed a motion to vacate, set aside or correct the judgment or sentence, and subsequently filed an amended motion. The court denied movant's request for an evidentiary hearing and entered its findings of fact, conclusions of law and judgment denying movant's request

---

1. Movant was also charged with, and pleaded guilty to one count of first-degree robbery. However, movant does not seek to vacate the conviction and sentence on this count.

for post-conviction relief. Movant now appeals.

▮ Initially, we note that the state argues that movant is precluded from appealing because he failed to appear for his original sentencing on October 9, 2001. The state relies on *Fogle v. State,* 99 S.W.3d 63 (Mo.App.2003), and the "escape rule" discussed therein. "The escape rule denies the right of appeal to a defendant who escapes justice." *Id.* at 65. This rule applies to both appeals on motions for post-conviction relief as well as appeals on the merits. *Id.* In *Fogle,* the court's inquiry was focused upon whether the defendant's escape had an adverse impact on the criminal justice system. *Id.* The court found that the defendant had waived his right to appeal because of his failure to appear for sentencing. *Id.* Specifically, the court cited to the resulting seven-week delay between the original date of sentencing and the actual sentencing, as well as the fact that defendant's escape necessitated a warrant, service in another state, and extradition from that state as having an adverse impact on the criminal justice system. *Id.*

While the facts in the present case differ somewhat from those in *Fogle,* we believe the escape rule applies to preclude movant from appeal. Movant was originally scheduled to be sentenced on October 9, 2001. A minute entry on the docket sheet for movant's case reflects that he did not appear on that date. This fact was corroborated at the hearing for movant's actual sentencing, which took place on December 17, 2001, after a warrant had been issued and executed against movant.

Movant's failure to appeal resulted in a roughly two-month delay between his original sentencing date and the actual sentencing. Additionally, movant's escape resulted in the need for a warrant to be issued and executed. This "flouted the

authority of the courts from which he was seeking post-conviction relief and had an adverse impact on the administration of criminal justice." *Fogle,* 99 S.W.3d at 65. Therefore, we agree with the state that movant's failure to appear at the original sentencing waives his right to appeal.

Movant's appeal is dismissed.