Steve PARSONS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 97528.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 2012.

Jessica M. Hathaway, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

Steven Parsons (Parsons) appeals from the motion court's order denying his Rule 24.035 motion for post-conviction relief. Because Parsons has absconded during almost the entirety of this appeal, we apply the escape rule and dismiss his appeal. Thus, we do not reach Parsons's allegations of error regarding the motion court's denial of his motion for post-conviction relief.

## I. BACKGROUND

In May 2005, Parsons pled guilty to the class D felony of criminal nonsupport for failing to provide adequate support for two of his children in six months within December 2002 to November 2003. *See* Section 568.040, RSMo.[1] The plea court suspended imposition of sentence (SIS) and placed Parsons on supervised probation for five years.

Subsequently, in March 2006, Parsons was charged with violating the terms of his probation. After admitting to the probation violations, the court revoked Parsons's 2005 probation, and imposed a sentence of four years' incarceration, suspended execution of that sentence (SES), and placed Parsons on five years of supervised proba-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

tion. Twice, within the next four years, Parsons was again found to have violated the conditions of his probation. In both instances, the court continued the 2006 probation.

After a third probation violation in October 2010, the court revoked probation and the 2006 SES was ordered executed. Thereafter, Parsons filed a Rule 24.035 motion for post-conviction relief. On September 16, 2011, the trial court denied Parsons's motion and his notice of appeal was filed on October 26, 2011. In spite of Parsons's notice of appeal, on November 28, 2011, Parsons absconded from Missouri State authorities and a warrant was issued for his arrest. During the pendency of this appeal, Parsons has and continues to be at-large.

## II. DISCUSSION

On appeal, Parsons presents one point challenging the motion court's ruling. The State, however, requests that we dismiss Parsons's appeal pursuant to the escape rule. Because it is dispositive, we address the escape rule. *See e.g., State v. Troupe,* 891 S.W.2d 808, 811 (Mo. banc 1995) ("A reviewing court may invoke procedural rules to protect the orderly and efficient use of its resources").

■■■ "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." *Crawley v. State,* 155 S.W.3d 836, 837 (Mo.App. E.D.2005). The escape rule is applicable in both appeals on the merits and motions for post-conviction relief under Rules 29.15 and 24.035. *Fogle v. State,* 99 S.W.3d 63, 65 (Mo.App. E.D. 2003). In fact, "[t]he escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its applica-

tion of the escape rule." *Nichols v. State,* 131 S.W.3d 863, 865 (Mo.App. E.D.2004).

■■■ However, the escape rule only applies to errors that occurred prior to and up to the time of escape. *Id.* Any errors that may occur after recapture or voluntary surrender remain germane to post-conviction relief motions and appeals. *Id.* Parsons's allegation of error involves whether a factual basis existed for his plea of guilty to the charge of criminal nonsupport. Here, because both Parsons's plea sentencing (occurring in May 2005) and his post-conviction relief motion (disposed of in September 2011) occurred prior to his November 2011 abscondment, the escape rule is apropos to the disposition of this appeal.

■■■ Determining whether to invoke the escape rule is left to the sound discretion of the appellate court. *Troupe,* 891 S.W.2d at 811. The court's relevant inquiry is focused upon the escape's adverse effects on the criminal justice system, not just upon the escape's effects upon the appellate process. *Id.* at 810. Accordingly, if it is determined the escape has produced or created adverse effects upon our criminal justice system, dismissal of the appeal is appropriate. *Nichols,* 131 S.W.3d at 865. In Missouri, preventing appeals of escapee-defendants has been rationalized on numerous bases:

(1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing the defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting

the dignified operation of the appellate courts.

*Pradt v. State,* 219 S.W.3d 858, 862 (Mo. App. S.D.2007); *see also Fogle,* 99 S.W.3d at 65.

 In the exercise of this Court's sound discretion, we conclude that the second, third, fourth, fifth, sixth, seventh and eighth rationales for the escape rule apply in the case at bar. Parsons comes before this Court seeking vindication for his due process rights. However, when Parsons absconded, he showed his animosity and revulsion to the motion court's decision and his unwillingness to await vindication of his rights by this Court. No criminal defendant may selectively accept only those decisions of the courts which are favorable to him, for "[t]hose who seek protection from the legal system in the form of post-conviction relief must be willing to abide by all the rules and decisions of that legal system." *Harvey v. State,* 150 S.W.3d 128, 130 (Mo.App. E.D.2004).

Furthermore, it has long been held that when the defendant remains at-large and the time comes to decide a case on appeal on the merits, the defendant's appeal should be dismissed because permitting "such a course of conduct to be successful would be trilling with justice, and will not be tolerated[.]" *State v. Carter,* 98 Mo. 431, 11 S.W. 979, 980 (1889). Similarly, the same reasoning and logic should be applied when the defendant escapes during the pendency of a Rule 24.035 post-conviction relief appeal from a judgment denying the motion.[2] Thus, in such a situation, the escape rule requires dismissal.

2. Comparable logic has been applied when an escapee-defendant sought vindication of his Sixth Amendment right to effective assistance of counsel under a Rule 29.15 post-conviction relief motion. *See Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App. E.D.1990) ("In any

### III. CONCLUSION

For the foregoing reasons, the appeal is dismissed.

ROBERT G. DOWD, JR., and ANGELA T. QUIGLESS, JJ., concur.

event, it seems logical that a principle of law which would deprive an escapee of the right to appeal a possibly legitimate issue would also serve to deprive him of the right to challenge his counsel's performance at trial").