Kenisha MCNEIL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104330

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE**.

Filed: March 21, 2017

Andrew E. Zleit, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

## OPINION

Angela T. Quigless, P.J.

Kenisha McNeil ("Movant") appeals from the judgment of the Circuit Court of St. Charles County denying her Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We dismiss Movant's appeal pursuant to the escape rule. *See Nichols v. State*, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004).

## FACTUAL AND PROCEDURAL BACKGROUND

Movant was charged as a prior and persistent offender with two counts of the class C felony forgery, in violation of RSMo § 570.090.1. [2] After plea negotiations, Movant signed a written plea petition agreeing to the State's recommendation of two concurrent ten-year sentences, with the execution of the sentences suspended, and five years of supervised probation. Movant pled guilty to the charges, and the court accepted Movant's pleas, finding them knowing, voluntary, and intelligent. The court sentenced Movant in accordance with the written plea petition.

Movant violated her probation eighteen months later. The State filed a motion to revoke probation and a hearing was scheduled for October 3, 2013. Notice of the hearing was sent to Movant. Movant failed to appear and the court issued a *capias* warrant for her arrest. The hearing was rescheduled for October 31, 2013, and Movant again failed to appear. On June 30, 2014, more than eight months later, Movant was arrested on the *capias* warrant and taken into custody. The court then revoked Movant's probation and executed the previously imposed concurrent ten-year sentences.

On October 8, 2014, Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed post-conviction counsel on October 21, 2014, and granted a thirty-day extension of the deadline to file the amended motion. On January 19, 2016, post-conviction counsel timely filed an amended motion. [3] The amended motion alleged plea counsel was ineffective for "failing to inform movant of State's plea offer calling for a ten-year suspended sentence, rather than a seven-year suspended sentence as movant believed at the time—and immediately before—she offered her pleas."

The motion court denied Movant's motion for post-conviction relief without an evidentiary hearing, finding Movant's claims were refuted by the record. The court noted the record supported that Movant read the written plea petition, and that she had enough time to speak with counsel. The motion court further found that Movant was clearly aware of the State's recommendation prior to the plea, and that she pled guilty knowingly, intelligently, and voluntarily. This appeal follows.

## DISCUSSION

In Movant's sole point on appeal, she argues the motion court erred in denying her Rule 24.035 motion for post-conviction relief without an evidentiary hearing be-

---

1. All rule references are to Missouri Court Rules (2016), unless otherwise indicated.

2. All statutory references are to RSMo (2000), unless otherwise indicated.

3. The legal file indicates that post-conviction counsel sent at least three requests to the court reporter asking for the plea transcript to be prepared and filed. Counsel was still waiting for the transcript to be filed at the time Movant's amended motion was filed, thereby making it timely.

cause she pled facts, not refuted by the record, demonstrating that her plea counsel was ineffective because she "failed to inform, or timely inform, [Movant] about a change in the plea agreement prior to the time [Movant] was brought before the court to enter her pleas."

■ We do not reach Movant's claim of error regarding the motion court's denial of her Rule 24.035 motion because we dismiss Movant's appeal pursuant to the escape rule. *See State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995); *Nichols v. State*, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004).

> The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule. The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable. A willful failure to appear for sentencing can properly invoke the escape rule.

*Nichols*, 131 S.W.3d at 865 (internal citations omitted).

■ Dismissal of a defendant's appeal pursuant to the escape rule is warranted where a defendant's escape from justice results in a lengthy delay in their criminal case causing an "adverse impact on the criminal justice system." *Troupe*, 891 S.W.2d at 811 (dismissing both defendant's direct appeal and his motion for post-conviction relief pursuant to the escape rule because "appellant was at large for more than eight months and delayed the proceedings" which had an adverse impact on

the criminal justice system); *Fogle v. State*, 99 S.W.3d 63, 65 (Mo. App. E.D. 2003) ("We find that Movant's escape flouted the authority of the courts from which he was seeking post-conviction relief and had an adverse impact on the administration of criminal justice.").

■ In this case, the court scheduled a probation revocation hearing for October 3, 2013. Movant had notice of this hearing, however she failed to appear and the court issued a *capias* warrant for her arrest. The hearing was rescheduled for October 31, 2013, and Movant again failed to appear. On June 30, 2014, more than eight months later, Movant was arrested on the *capias* warrant and taken into custody. We find the delay of more than eight months adversely affected the administration of justice. *See Nichols*, 131 S.W.3d at 865 ("Our Supreme Court has held that a delay of more than eight months necessarily has an adverse impact on the criminal justice system.") (citing *Troupe*, 891 S.W.2d at 811).

Further, Movant admitted she failed to appear at the earlier hearings and failed to report to her probation officer. Movant stated she absconded because she had an arrest warrant for new charges and didn't know how to handle the situation. Therefore, we find Movant's willful failure to appear bars her claims of error under the escape rule. *See Nichols*, 131 S.W.3d at 865.

## CONCLUSION

Movant's appeal from the denial of her Rule 24.035 motion for post-conviction relief is dismissed.

Robert G. Dowd, Jr., J., and Lisa Van Amburg, J., Concur.