**Rodney A. WILLIAMS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 104981**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

FILED: August 22, 2017

Kristina Starke Olson, 1010 Market St., Suite 1000, St. Louis, MO 63101, for appellant.

Joshua D. Hawley, Garrick Aplin, P.O. Box 899, Jefferson City, MO 65102, for respondent.

KURT S. ODENWALD, Judge

### Introduction

Rodney A, Williams ("Williams") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Because Williams absconded custody for approximately two years, we dismiss the appeal pursuant to the escape rule.

### Factual and Procedural History

The State charged Williams with one count of second-degree burglary and one count of stealing $500 or more. The State subsequently dismissed the burglary charge, and Williams entered into a blind guilty plea for the amended charge of receiving stolen property. The plea court released Williams and continued sentencing so that Williams could complete school. The plea court set sentencing for July 15, 2013.

On July 15, 2013, Williams did not appear at the sentencing hearing on time.

---

1. All Rule references are to Mo. R. Crim. P. (2015).

The plea court issued a *capias* warrant. Shortly thereafter, Williams arrived at the sentencing hearing, but left the courtroom when he saw "them locking people up." Police arrested Williams two years later in Louisiana and extradited him to Missouri.

Williams then filed a Rule 29.07(d) motion to withdraw his guilty plea. Williams attempted to justify his two year absence—he asserted that he took care of his mother and wife until they died, completed school, was "productive, ... [and] stayed out of trouble." The plea court denied the motion to withdraw Williams's guilty plea, and sentenced Williams to six years in prison.

Williams filed for post-conviction relief, alleging that he improperly entered into the blind guilty plea due to ineffective assistance of counsel. Specifically, Williams claimed that plea counsel ineffectively advised Williams that if he entered into a blind guilty plea, the plea court would likely sentence him to probation or less time in prison. In addition, Williams asserted that his plea counsel only met with him once, did not go over the police reports with him, and did not counsel him about his chances of success at trial. The motion court denied Williams's Rule 24.035 motion on the merits, without an evidentiary hearing. Williams now appeals.

## Point on Appeal

Williams raises a single point on appeal: the motion court clearly erred in denying, without an evidentiary hearing, his Rule 24.035 motion claiming that plea counsel was ineffective. Williams contends that plea counsel failed to provide accurate and meaningful advice regarding the amended charge and potential consequences of the blind guilty plea.

## Discussion

Before we discuss the merits of Williams's appeal, we address the State's argument that we apply the escape rule to this case. The State maintains that under Missouri precedent in Nichols v. State, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004), and State v. Troupe, 891 S.W.2d 808, 811 (Mo. banc 1995), Williams committed a willful escape from justice by absconding for two years. Further, the State contends that because the *capias* warrant for Williams remained outstanding for approximately two years, the criminal justice system was necessarily adversely impacted.

" 'The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice.' " Parsons v. State, 383 S.W.3d 71, 73 (Mo. App. E.D. 2012) (quoting Crawley v. State, 155 S.W.3d 836, 837 (Mo. App. E.D. 2005)).

> The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule. The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable. A willful failure to appear for sentencing can properly invoke the escape rule.

Nichols, 131 S.W.3d at 865 (internal citations removed). "In applying the escape rule, the relevant inquiry is whether the escape adversely affects the criminal justice system. If so, dismissing the escapee's appeal is appropriate. This determination is left to the sound discretion of the appellate tribunal." Troupe, 891 S.W.2d at 811. Further, "a delay of more than eight

months necessarily has an adverse impact on the criminal justice system." Id. See also McNeil v. State, 514 S.W.3d 63, 65 (Mo. App. E.D. 2017) (appeal from a post-conviction relief motion dismissed due to an eight month delay in sentencing).

 Here, the plea court rescheduled the sentencing hearing to accommodate Williams. Williams had notice of the date of the sentencing hearing. However, Williams failed to appear on time, resulting in the plea court issuing a *capias* warrant for his arrest. Williams admits that he arrived late to the sentencing hearing in July 2013. More importantly, Williams admits that he left the court room when he saw "them locking people up in the courtroom," and that he was not apprehended for two years. Williams suggests some reasons for not appearing after he absconded—he took care of his mother and wife before they both died, completed school, was a "productive" member of society, and "stayed out of trouble." Even if we were to accept Williams's representations as truthful, Williams's suggestion that these proffered reasons should negate our application of the escape rule is unavailing. See McNeil, 514 S.W.3d at 65 (absconding because Movant had a new arrest warrant and "didn't know how to handle the situation" did not bar application of escape rule). After approximately two years, Police arrested Williams in Louisiana, and extradited him to Missouri.

The escape rule enforces an understanding that "those who seek the protection of this legal system must ... be willing to abide by its rules and decisions"; absconding defendants will not be rewarded for their actions. State v. Wright, 763 S.W.2d 167, 168-69 (Mo. App. W.D. 1988); see Troupe, 891 S.W.2d at 810-11; Harvey v. State, 150 S.W.3d 128, 130 (Mo. App. E.D. 2004); Fogle v. State, 99 S.W.3d 63, 65 (Mo. App. E.D. 2003). Williams's escape from justice delayed the sentencing hearing approximately two years, adversely impacting the criminal justice system. We deny Williams's appeal without reaching the substantive merits of his appeal. See Troupe, 891 S.W.2d at 811.

### Conclusion

The appeal is dismissed.

Robert G. Dowd, Jr., P.J. and Sherri B. Sullivan, J., concur.