ROBERT G. DOWD, JR., Presiding Judge
Cody Caldwell ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. We dismiss Movant's appeal pursuant to the escape rule. See Nichols v. State , 131 S.W.3d 863, 865 (Mo. App. E.D. 2004).
After being charged with one count of second-degree burglary and one count of misdemeanor stealing, Movant pled guilty to felony burglary, and the State dismissed the misdemeanor stealing charge. At sentencing on June 4, 2014, the trial court ordered a suspended imposition of sentence ("SIS") with 120 days shock incarceration in the county jail. Movant was placed on probation for five years.
After the State filed a motion to revoke Movant's probation, Movant appeared before *67 the court on December 3, 2014, and the case was passed by agreement to February 4, 2015. On January 23, 2015, Movant's probation was suspended, and a capias warrant was issued. A copy of the order was sent to Movant per the court's docket entries. Movant failed to appear on February 4, 2015, and according to the docket entries, the case was passed by agreement to the court's first available date after service of the warrant. On September 18, 2015, the case was again passed to December 2, 2015, for service of the capias warrant. Movant failed to appear on December 2, 2015, and again the case was passed for the court's first available date after service of the warrant.
On March 2, 2016, Movant's probation violation hearing was held, at which time Movant appeared in person. At the hearing, Movant admitted to violating his probation by failing to report to his probation officer, and the court revoked his probation and sentenced him to ten years in the department of corrections. Movant explained that he went to Florida to get help for his drug problem and that he thought it was the right thing to do because he would get in trouble if his probation officer learned he had a drug problem. When the trial court asked whether it occurred to him to tell his probation officer, he responded, "I still don't know what I was thinking then. There wasn't a day I had a clear mind."
Thereafter, Movant timely filed his pro se motion for post-conviction relief, and his appointed counsel filed an amended motion.[1] In the amended motion, Movant claimed that plea counsel was ineffective for giving him erroneous advice regarding his potential prison term upon revocation of his SIS probation and for failing to object to the sentencing court's use of the group plea procedure. The motion court denied Movant's motion following an evidentiary hearing, finding that Movant failed to prove his claims by a preponderance of the evidence. This appeal follows.
On appeal, Movant claims the motion court clearly erred in denying both of the post-conviction claims included in his amended motion. We do not reach Movant's claims regarding the motion court's denial of his Rule 24.035 motion because we dismiss Movant's appeal pursuant to the escape rule.
As this Court has explained,
The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rule 29.15 and 24.035. The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule.
Nichols , 131 S.W.3d at 865. Dismissing the appeal is appropriate if the escape adversely affected the criminal justice system. McNeil v. State , 514 S.W.3d 63, 65 (Mo. App. E.D. 2017). "This determination is left to the sound discretion of the appellate court." Id. "A movant's escape from supervised probation has been held to justify dismissal of an appeal under the escape rule." Theodoran v. State , 319 S.W.3d 479, 481 (Mo. App. S.D. 2010) (citing *68 Hicks v. State , 824 S.W.2d 132 (Mo. App. S.D. 1992) ). See also McNeil , 514 S.W.3d at 65.
"Our Supreme Court has held that a delay of more than eight months necessarily has an adverse impact on the criminal justice system." Nichols , 131 S.W.3d at 865 (citing State v. Troupe , 891 S.W.2d 808, 811 (Mo. banc 1995) ); see also McNeil , 514 S.W.3d at 65 (finding adverse impact on criminal justice system where defendant failed to appear for two probation revocation hearings, court issued capias warrant and defendant was arrested on the capias warrant more than eight months after her first failure to appear). Here, Movant's escape required the court to issue a capias warrant, and more than thirteen months passed between the time the capias warrant was issued and the time Movant appeared again before the court. At his probation revocation hearing on March 2, 2016, Movant also admitted to going to Florida and violating the terms of his probation and failing to report as directed to his probation officer. While Movant did eventually appear before the court before the warrant was executed, his surrender does not nullify the adverse impact his escape had on the criminal justice system up until that point. While we do not want to discourage surrender, Movant's absence "flouted the authority of the courts from which he now seeks post-conviction relief," and he has forfeited his right to appeal. Nichols , 131 S.W.3d at 865. Based upon this record, we find Movant's failure to appear for over thirteen months had an adverse impact on the criminal justice system and bars his claims under the escape doctrine. See McNeil , 514 S.W.3d at 65 ; see also Kemper v. State , 129 S.W.3d 439, 440 (Mo. App. E.D. 2004) (per curiam) (finding adverse impact on criminal justice system where escape resulted in roughly two-month delay between original sentencing date and actual sentencing and resulted in the need for issuance and execution of warrant); Harvey v. State , 150 S.W.3d 128, 129-30 (Mo. App. E.D. 2004) (per curiam) (applying the escape rule where defendant's escape resulted in two-month delay and required law enforcement resources be employed to capture him pursuant to a capias warrant) and Wagner v. State , 172 S.W.3d 922, 924-25 (Mo. App. E.D. 2005) (applying escape rule where escape resulted in forty-nine day delay in sentencing and required sentencing court to issue warrant and law enforcement to execute warrant).
Movant's appeal from the denial of his Rule 24.035 motion for post-conviction relief with an evidentiary hearing is dismissed.
Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

While the record indicates some question as to when the necessary transcripts were filed, the amended motion was timely filed even based upon the earlier of the dates offered for filing the transcripts. Based upon that earlier filing date, Movant's amended motion was due on January 15, 2017, which was a Sunday and the following Monday was a holiday. Accordingly, under Rule 44.01(a), the amended motion was timely filed on January 17, 2017.