

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| PATRICK R. CONN, | ) | No. ED107600 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | |
| | ) | Honorable Wendy L. Wexler Horn |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: December 10, 2019 |

## Introduction

Patrick R. Conn ("Conn") appeals from the judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief. Because Conn absconded for more than eighteen months, we dismiss the appeal pursuant to the escape rule.

## Factual and Procedural History

The State charged Conn with one count of assault in the first degree, one count of armed criminal action, and one count of endangering the welfare of a child, all arising out of an incident in which Conn struck a minor with a tire iron and his fists. In November 2010, Conn pleaded guilty to assault in the first degree and to endangering the welfare of a child in exchange for dismissal of the armed criminal action charge. The plea court accepted Conn's plea and sentenced Conn to ten years in prison for assault in the first degree and seven years in prison for

---

[1] All rule references are to Mo. R. Crim. P. 2016.

endangering the welfare of a child, with the sentences to be served concurrently. The plea court suspended the execution of the sentences and placed Conn on supervised probation for five years.

In July 2012, while still on probation, Conn was arrested for committing domestic assault against his brother. Conn admitted that he had been drinking at the time and tested positive for alcohol. One of the conditions of Conn's probation was that he would not consume alcohol. Conn did not notify his probation officer of his arrest within 48 hours thereof, as required by the terms of his probation.

In May 2013, Conn was arrested for property damage. Conn was convicted, placed on bench probation for two years, and given a suspended imposition of sentence.

In July 2013, a police officer was dispatched in response to a report that a man was attacking a woman in the middle of a road. Upon arrival, the police officer found Conn and his wife. Conn's wife was crying and told the police officer that Conn had beaten her up. Conn then ran from the scene. The police officer instructed Conn to stop, which he did not do. The police officer pursued Conn but lost sight of him. Later that day, two police officers located and arrested Conn.

In September 2013, Conn failed to report for his scheduled appointment with his probation officer as required by the terms of his probation. In October 2013, Conn's probation officer attempted to meet with Conn at his last known address. Conn's wife told the probation officer that Conn no longer lived at that address and had not lived there for two months. Conn was required to obtain advance permission from his probation officer before making any change in residency, which he had not done. In November 2013, Conn again failed to report to his probation officer.

2

Later in November 2013, Conn's probation officer filed a report stating that Conn's current residence was unknown and declaring Conn an absconder. Later that month, the court scheduled a probation violation hearing for January 2014 and issued a capias warrant for Conn. In June 2015, approximately nineteen months later, the warrant was served on Conn.

In September 2015, Conn made an initial appearance in the hearing court as required for a probation violation hearing. However, when the case was recalled later that day, Conn did not appear. The hearing court ordered Conn's bond revoked and issued another capias warrant for Conn. The warrant was served nineteen days later.

In November 2015, a probation violation hearing was held. Conn admitted to violating the reporting requirements of his probation. The hearing court revoked probation and executed Conn's prison sentences.

In April 2016, Conn filed a pro se Rule 24.035 motion for post-conviction relief. In October 2016, Conn filed an amended motion. The amended motion made numerous claims, including a claim that no factual basis was established for his first-degree assault conviction. The motion court conducted an evidentiary hearing and denied Conn's motion.

The motion court's initial findings of fact and conclusions of law did not address Conn's no-factual-basis claim. Thus, this Court dismissed Conn's initial appeal for lack of a final judgment. Conn v. State, 564 S.W.3d 386 (Mo. App. E.D. 2018). On remand, the motion court considered the claim and again denied the motion. Conn now appeals.

## Point on Appeal

In his sole point on appeal, Conn contends the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because his guilty plea was not knowing or voluntary because no factual basis was established for his conviction.

3

The State urges this Court to apply the escape rule to this case and dismiss Conn's appeal. A reviewing court may invoke the escape rule "to protect the orderly and efficient use of its resources." State v. Troupe, 891 S.W.2d 808, 811 (Mo. banc 1995). "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." Parsons v. State, 383 S.W.3d 71, 73 (Mo. App. E.D. 2012) (internal quotation omitted). We can apply the escape rule in post-conviction cases, and we may invoke it whether the motion court reached the merits of the movant's claim or whether the motion court itself applied the escape rule. Wartenbe v. State, 583 S.W.3d 115, 121 (Mo. App. E.D. 2019) (internal citation omitted). "[A]pplication of the escape rule . . . requires a relationship between the escape and prejudice to the criminal justice system[.]" Troupe, 891 S.W.2d at 810. However, once it is established that the escape resulted in prejudice, the ultimate decision to apply the escape rule is discretionary. Wartenbe, 583 S.W.3d at 121.

One important limitation on the escape rule is that it "cannot be invoked to preclude a review of errors alleged to have occurred after the movant is returned to custody." Id. at 122 (internal citation omitted). Here, Conn's point on appeal concerns only his entry of a guilty plea prior to his escape. Because the errors alleged in Conn's petition would have occurred before Conn was returned to custody, the escape rule is applicable. See id.

Approximately nineteen months passed between Conn being declared an absconder and service of the first capias warrant. Approximately eighteen months passed between the dates of Conn's initially scheduled probation violation hearing and the probation violation hearing at which Conn initially appeared. Conn then fled again (requiring the issuance of a second capias warrant), delaying his probation violation hearing for an additional two months. Conn's escapes delayed the proceedings for approximately twenty months which necessarily prejudiced the

4

criminal justice system. See Troupe, 891 S.W.2d at 811 ("[A] delay of more than eight months necessarily has an adverse impact on the criminal justice system.").

We prudently exercise our discretion to apply the escape rule under these circumstances. First, as discussed, the prejudicial delay was significant. Second, Conn violated the terms of his probation repeatedly. See Wartenbe, 583 S.W.3d 115, 123 (internal citations omitted) ("This Court repeatedly has found that absconding after violating the terms of probation demonstrates the requisite contempt for the judicial process justifying dismissal of the absconder's claim under the escape rule."). These violations included a conviction for property damage and two arrests for violent offenses. Finally, Conn attempted to escape from the consequences of the criminal justice system not only once, but three times; Conn fled from police officers attempting to arrest him while on probation, and after initially reporting for his second-scheduled probation violation hearing he fled again. "Those who seek the protection of this legal system must . . . be willing to abide by its rules and decisions." Troupe, 891 S.W.2d at 810 (quoting State v. Wright, 763 S.W.2d 167, 168–69 (Mo. App. W.D. 1988)). Given the facts before us, not invoking the escape rule would serve only to embolden a blatant and callous disregard for the judicial system.

Conn's multiple escapes demonstrate an absolute disdain for our judicial system and adversely impacted the criminal justice system. Accordingly, we deny Conn's appeal without reaching the substantive merits of his appeal. See Troupe, 891 S.W.2d at 811.

Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

5