

# In the Missouri Court of Appeals
# Eastern District

<u>**DIVISION FOUR**</u>

| | | |
|---|---|---|
| EDWARD A. TERRY, | ) | No. ED110050 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph S. Dueker |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 5, 2022 |

Edward A. Terry ("Movant")[1] appeals from the motion court's denial of her Rule 24.035[2] post-conviction motion to vacate, set aside, or correct the judgment or sentence. Movant argues the motion court clearly erred in denying her motion without an evidentiary hearing because she pleaded facts, not refuted by the record, establishing she received ineffective assistance of counsel and was prejudiced thereby. We dismiss the appeal without reaching its merits, pursuant to the escape rule, because Movant absconded from parole for nearly a year during the pendency of this case.

**Factual and Procedural Background**

After Movant sent a threatening email to the director of the St. Louis Pride Parade, the State charged her with one count of making a terrorist threat in the first degree, in violation of

---

[1] We use the pronouns for Movant suggested in her brief.
[2] All rule references are to the Missouri Supreme Court Rules (2020).

section 574.115.[3]  Pursuant to an agreement with the State, Movant pleaded guilty to the charge, and the trial court sentenced her to four years in the Department of Corrections.

Movant sought post-conviction relief under Rule 24.035.  Appointed counsel filed an amended motion in which Movant alleged her plea counsel was ineffective.  In September 2021, the motion court denied Movant's amended motion without an evidentiary hearing, finding the record conclusively refuted her claim of ineffective assistance of counsel.  This appeal follows.

**Application of the Escape Rule**

The State urges us to dismiss this appeal pursuant to the escape rule.  It is undisputed that Movant failed to report for supervision after she was granted parole on the sentence at issue and that the Board of Probation and Parole issued a warrant for her arrest in July 2021.  The warrant stated that, in addition to failing to report, Movant also violated her parole by changing her residency without permission.  Movant's appellate counsel indicated at oral argument that Movant finally re-engaged with her parole officer in May 2022 and is currently reporting as directed.

The escape rule is a judicially created doctrine that allows an appellate court to dismiss an appeal of "a criminal defendant who escapes justice."  *Parsons v. State*, 383 S.W.3d 71, 73 (Mo. App. E.D. 2012) (quoting *Crawley v. State*, 155 S.W.3d 836, 837 (Mo. App. E.D. 2005)).  "The escape rule is applicable in both appeals on the merits and motions for post-conviction relief under Rules 29.15 and 24.035."  *Id.*  "There is no threshold amount of time an appellant must have escaped justice before dismissal is allowed."  *Wartenbe v. State*, 583 S.W.3d 115, 121 (Mo. App. E.D. 2019) (quoting *Holmes v. State*, 92 S.W.3d 193, 196 (Mo. App. W.D. 2002)).  The central inquiry is whether "the escape adversely affected the criminal justice system."  *Caldwell v. State*, 556 S.W.3d 65, 67 (Mo. App. E.D. 2018).  The determination of whether to apply the escape rule

---

[3] All statutory references are to the Revised Statutes of Missouri (2016).

rests within "the sound discretion of the appellate court." *Id.* (quoting *Nichols v. State*, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004)).

Missouri courts have articulated several justifications for dismissal based on the escape rule, including:

> (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing the defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*Parsons*, 383 S.W.3d at 73-74 (quoting *Pradt v. State*, 219 S.W.3d 858, 862 (Mo. App. S.D. 2007)). The escape rule reinforces the principle "that 'those who seek the protection of this legal system must ... be willing to abide by its rules and decisions'; absconding defendants will not be rewarded for their actions." *Wolf v. State*, 552 S.W.3d 790, 792 (Mo. App. W.D. 2018) (quoting *Williams v. State*, 526 S.W.3d 367, 370 (Mo. App. E.D. 2017)). Indeed, "[i]t has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Id.* (quoting *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993)).

Absconding from supervised probation can be sufficient to warrant dismissal of an appeal. *See, e.g.*, *Caldwell*, 556 S.W.3d at 67-68 (dismissing appeal upon finding "[m]ovant's failure to appear for over thirteen months had an adverse impact on the criminal justice system," where movant violated probation by failing to report to his probation officer); *McNeil v. State*, 514 S.W.3d 63, 65 (Mo. App. E.D. 2017) (dismissing appeal upon finding "[m]ovant's willful failure to appear bars her claims of error under the escape rule," where movant failed to appear multiple times for probation revocation hearings and failed to report to her probation officer); *see also Parsons*, 383 S.W.3d at 73-74.

We conclude that Movant's absconding from parole for nearly a year during the pendency of this case adversely affected the criminal justice system. Movant absconded after being granted parole on the very conviction and sentence she now challenges. And in addition to failing to report, Movant also violated her parole by changing her residency without permission. Although Movant's appellate counsel represented that Movant recently re-engaged with her parole officer, Movant has failed to identify any factors that mitigate her decision to abscond or any reasons why the escape rule should not apply in this case. As this Court previously reasoned in *Caldwell*:

> While Movant did eventually appear before the court before the warrant was executed, his surrender does not nullify the adverse impact his escape had on the criminal justice system up until that point. While we do not want to discourage surrender, Movant's absence "flouted the authority of the courts from which he now seeks post-conviction relief," and he has forfeited his right to appeal.

*Caldwell*, 556 S.W.3d at 68 (quoting *Nichols*, 131 S.W.3d at 865).

The circumstances of this case justify application of the escape rule and the dismissal of Movant's appeal. Courts "consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." *Wolf*, 552 S.W.3d at 792 (quoting *Ortega-Rodriguez*, 507 U.S. at 242). Invoking the escape rule to dismiss this appeal fosters the stated goals of discouraging escape, preserving respect for the criminal justice system and promoting the dignified operation of the appellate courts. *See, e.g.*, *Wartenbe*, 583 S.W.3d at 121.

Because Movant absconded after filing the post-conviction motion at issue and failed to report for parole for nearly a year while this case was pending, we exercise our discretion to dismiss this appeal. *See Caldwell*, 556 S.W.3d at 68.

**Conclusion**

For the foregoing reasons, we dismiss the appeal. All pending motions are denied as moot.

_____
MICHAEL E. GARDNER, Chief Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.