

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

MICHAEL LAMAR ROBINSON,      )      No. ED110094
)
    Appellant,                )      Appeal from the Circuit Court
)      of the City of St. Louis
    vs.                    )      1722-CC11450
)
STATE OF MISSOURI,          )      Honorable Joseph P. Whyte
)
    Respondent.           )      Filed:  November 15, 2022

Michael Lamar Robinson ("Movant") appeals the judgment denying his amended Rule

24.035[1] motion for post-conviction relief after an evidentiary hearing.  Movant raises three

points on appeal arguing the motion court clearly erred in denying his motion because he

established by a preponderance of the evidence that he received ineffective assistance of plea

counsel at his guilty plea hearing and he was prejudiced thereby.  We dismiss the appeal without

reaching its merits, pursuant to the escape rule, because Movant absconded for almost three years

after failing to appear at his sentencing hearing.

## I.      BACKGROUND

Movant was charged as a prior and persistent drug offender with the class C felony of

possession of a controlled substance (Count I) and the class A misdemeanor of possession of a

controlled substance (Count II).  Movant pleaded guilty to both counts on May 7, 2014.  On that

---

[1] All references to Rule 24.035 are to Missouri Supreme Court Rule 24.035 (2017) (effective beginning July 1, 2017), which was the version of the Rule in effect at the time Movant's pro se motion for post-conviction relief was filed on October 3, 2017.

same date, the trial court agreed to defer sentencing and allow Movant to remain free on bond until August 29, 2014 to permit Movant to complete an employment opportunity. Movant agreed he would return for sentencing on August 29, and the trial court warned Movant that should he fail to appear, he would be "look[ing] at the maximum sentence."

Movant failed to appear for sentencing on August 29, 2014, prompting the trial court to issue a *capias* warrant. Movant was arrested on the *capias* warrant on August 16, 2017, after being at large for nearly three years.

After Movant's capture, the trial court held a sentencing hearing on September 8, 2017. At the hearing, the trial court noted that it was especially problematic Movant had failed to appear at his sentencing hearing on Counts I and II and absconded because Movant was already on probation in an unrelated case. Movant waived a probation revocation hearing and admitted he violated the conditions of his bond by absconding. The trial court revoked Movant's probation in the unrelated case; ordered Movant's sentences in that case to be executed; and told Movant the court would "take [ ] into consideration" the fact that Movant "didn't pick up any more cases" when imposing Movant's sentences on Counts I and II. The trial court ultimately sentenced Movant as a prior and persistent drug offender to ten years of imprisonment on Count I, to a term of ten days in a medium security institution with credit for time served on Count II, and to a total term of fifteen years of imprisonment in the unrelated case, with all of the sentences to run concurrently.

Movant subsequently filed a pro se and an amended Rule 24.035 motion for post-conviction relief alleging he received ineffective assistance of plea counsel at his guilty plea hearing and that he was prejudiced thereby. The motion court subsequently entered a judgment denying Movant's amended Rule 24.035 motion after an evidentiary hearing, finding Movant's ineffective assistance of counsel claims were without merit. This appeal followed.

## II.     DISCUSSION

Movant raises three points on appeal arguing the motion court clearly erred in denying his amended Rule 24.035 motion because he established by a preponderance of the evidence that he received ineffective assistance of plea counsel at his guilty plea hearing and he was prejudiced thereby.  The State urges us to dismiss this appeal pursuant to the escape rule.

The escape rule is a judicially-created doctrine that allows our Court to dismiss a post-conviction appeal of a criminal defendant who escapes justice.  *Terry v. State*, 647 S.W.3d 78, 80-81 (Mo. App. E.D. 2022).  We may invoke the escape rule whether the motion court reached the merits of a movant's post-conviction motion or the motion court itself applied the escape rule.  *Conn v. State*, 590 S.W.3d 887, 889 (Mo. App. E.D. 2019).

There is no threshold amount of time a criminal defendant must have escaped justice before dismissal of his appeal is allowed under the escape rule.  *Terry*, 647 S.W.3d at 81.  Instead, the fundamental inquiry is whether the defendant's escape "adversely affected the criminal justice system."  *Id*. (citation omitted).  Additionally, the decision whether to apply the escape rule to a particular appeal rests within an appellate court's sound discretion.  *Id*.

There are multiple justifications for dismissal of a criminal defendant's appeal based on the escape rule, including:

> (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing the defendant from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*Id*. Ultimately, the escape rule reinforces the principle that persons seeking the protection of our legal system must be willing to abide by its rules and decisions; absconding criminal defendants will not be rewarded for their actions.  *Id*.

A criminal defendant's willful failure to appear at a sentencing hearing constitutes an "escape" under the rule, and the escape rule applies to errors which are alleged to have occurred before the escape. *State v. Freeman*, 619 S.W.3d 550, 552, 553 (Mo. App. S.D. 2021); *Williams v. State*, 526 S.W.3d 367, 369 (Mo. App. E.D. 2017).

In this case, the trial court deferred sentencing to permit Movant to complete an employment opportunity and warned Movant he would be "look[ing] at the maximum sentence" if he failed to appear for sentencing. If Movant had successfully completed the employment opportunity and appeared at his sentencing hearing as he agreed to do, the court may have taken that into consideration in imposing Movant's sentences on Counts I and II. However, Movant failed to appear at his sentencing hearing; absconded for almost three years; violated the conditions of his bond; caused his probation in an unrelated case to be revoked; and caused his sentence in the unrelated case to be executed. As a result, the trial court sentenced Movant as a prior and persistent drug offender to a total of fifteen years of imprisonment on Count I, on Count II, and in the unrelated case.

We hold the circumstances of this case justify application of the escape rule and the dismissal of Movant's appeal. No evidence in the record suggests, much less supports, that Movant's failure to appear at his sentencing hearing, i.e., his "escape," was for any reason other than a willful attempt to avoid serving his sentence. *See Freeman*, 619 S.W.3d at 553 (similarly finding); *see also Williams*, 526 S.W.3d at 369. In addition, because the errors alleged in Movant's points on appeal concern the effectiveness of his plea counsel during Movant's guilty plea hearing which occurred before his escape, the escape rule is applicable. *See Conn*, 590 S.W.3d at 889-90 (similarly finding); *see also Freeman*, 619 S.W.3d at 552; *Williams*, 526 S.W.3d at 369.

4

Moreover, we conclude Movant's almost three-year escape from justice after failing to appear at his sentencing hearing adversely affected the criminal justice system. *See State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995) ("a delay of more than eight months necessarily has an adverse impact on the criminal justice system"); *Williams*, 526 S.W.3d at 369-70 (finding a movant's approximate two-year escape from justice adversely impacted the criminal justice system); *see also Terry*, 647 S.W.3d at 81. Finally, invoking the escape rule to dismiss this appeal furthers the stated goals of discouraging escape, encouraging voluntary surrender, and preserving respect for the criminal justice system. *See Terry*, 647 S.W.3d at 81, 82.

Based on the foregoing, we exercise our discretion to dismiss Movant's appeal pursuant to the escape rule. *See id.*

### III.    CONCLUSION

The appeal is dismissed.

_____
ROBERT M. CLAYTON III, Judge

Angela T. Quigless, P.J., and
Sherri B. Sullivan, J., concur.

5